(No. 77590.—

BOATMEN'S NATIONAL BANK OF BELLEVILLE, as Special Adm'r of the Estate of Lynn Tartt, Deceased, Appellant, v. DIRECT LINES, INC., *et al.*, Appellees.

*Opinion filed September 28, 1995.*

Robert H. Pedroli, Daniel J. Gauthier and Joel E. Brown, of Robert H. Pedroli & Associates, of Clayton, Missouri, for appellant.

Lisa K. Franke, Daniel W. Farroll and Gordon R. Broom, of Burroughs, Hepler, Broom, MacDonald & Hebrank, of Edwardsville, for appellees Direct Lines, Inc., and Ronald Giesler.

John L. McMullin and T. Michael Ward, of Brown & James, P.C., of St.Louis, Missouri, and Belleville, Illinois, for appellee John F. Reynolds.

JUSTICE MILLER delivered the opinion of the court:

This appeal arises from a wrongful death action filed in the circuit court of St. Clair County. While several issues are presented for review, we deal primarily with the issue of whether the ninth-amended complaint filed after the applicable statute of limitations expired relates back to the timely filed original complaint.

On November 22, 1986, decedent, Lynn Tartt, died from injuries she sustained in a car accident. Decedent had been a passenger in a car driven by Russell Glastetter when the car collided with the rear end of a truck owned by Direct Lines, Inc., and driven by Ronald Giesler, an employee of Direct Lines. Giesler had stopped the truck in a lane of traffic behind a car, driven by John Reynolds. Reynolds' car had earlier been involved in a separate automobile accident that rendered the car inoperable. Decedent was survived by her father, Charles Hughes, her mother, Virginia Miller, three sisters, Christine Dockter, Kathleen Hughes, and Kimberly Hughes, a brother, John Hughes, and her

estranged husband, Richard Tartt (Tartt). Decedent left no surviving children.

Decedent's father was appointed special administrator of decedent's estate. (Ill. Rev. Stat. 1985, ch. 70, par. 2.1.) On May 9, 1988, decedent's father, in his capacity as special administrator, timely filed a complaint under the Wrongful Death Act (Act) (see Ill. Rev. Stat. 1985, ch. 70, par. 1 *et seq.*) in the circuit court of St. Clair County against Direct Lines and Reynolds. The complaint sought damages on behalf of decedent's "next of kin." The complaint did not specifically name decedent's next of kin. This complaint was subsequently dismissed for stating claims against different defendants in a single count. See Ill. Rev. Stat. 1985, ch. 110, par. 2—613(a).

An amended complaint was filed on July 18, 1988, on behalf of decedent's "next of kin." Count I was directed at Direct Lines; count II was against Reynolds; and a third count was added against the estate of Glastetter. On September 19, 1988, a second-amended complaint was filed on behalf of decedent's "next of kin." A third-amended complaint, filed on October 21, 1988, added Giesler as a defendant and also specifically alleged that decedent's "next of kin" were her parents, Virginia Miller and Charles Hughes.

On October 26, 1988, Direct Lines moved to dismiss the third-amended complaint, pursuant to section 2—615 of the Code of Civil Procedure, after discovery revealed that decedent was married at the time of her death. (Ill. Rev. Stat. 1985, ch. 110, par. 2—615.) Direct Lines argued that because decedent was survived by a spouse, decedent's parents were not "next of kin" within the meaning of the Act (Ill. Rev. Stat. 1985, ch. 70, par. 2) and, therefore, a wrongful death action could not be prosecuted on their behalf.

According to responses to interrogatories, decedent

was married at the time of her death, but had been living separate and apart from her husband for over three years. Tartt was not identified as decedent's husband, although his name appeared in a list of people having knowledge of the accident in question and in response to a question by Direct Lines asking whether if decedent was married, the surviving spouse had been married before. Responses also indicated that decedent had filed a petition for dissolution of marriage that was scheduled to be finalized the week after the accident. In response to an interrogatory by Direct Lines, the decedent's beneficiaries or survivors were listed as decedent's mother, Virginia Miller, her father, Charles G. Hughes, three sisters, Christine Dockter, Kathleen Hughes, and Kimberly Hughes, and a brother, John Hughes. Tartt was not listed as a beneficiary or survivor. Plaintiff amended this answer on February 21, 1990, to include Tartt as a beneficiary or survivor.

In a memorandum in response to Direct Lines' motion to dismiss, decedent's father indicated that decedent and Tartt were married on October 17, 1980, had separated on August 15, 1984, and that decedent had filed a petition for dissolution of marriage on November 13, 1986. Decedent's father also alleged that there had been no contact between decedent and Tartt after the separation. At trial, however, Tartt testified that the decedent had called him on several occasions after the separation. Decedent's father further indicated in the memorandum that attempts had been made to notify Tartt of decedent's death and pending lawsuit, but to no avail. In support of the preceding statement, decedent's mother and father stated in affidavits that they had heard Tartt was living in Corpus Christi, Texas, two years ago, but they did not know where he currently resided. An affidavit was also filed by an attorney who had unsuccessfully tried to locate Tartt. Tartt, however,

testified at trial that the decedent's sister, Kimberly, called him the night before decedent's funeral to inform him of decedent's death.

Citing *Maga v. Motorola, Inc.* (1987), 163 Ill. App. 3d 524, the trial judge dismissed the third-amended complaint on November 30, 1988. *Maga* held that where a decedent is survived by a spouse, decedent's parents and siblings were not "next of kin" within the meaning of the Act and, accordingly, a wrongful death action could not be prosecuted on their behalf. (*Maga,* 163 Ill. App. 3d at 530.) The trial judge gave decedent's father, as special administrator, 60 days in which to appoint a corporate administrator to bring the wrongful death action. It was further ordered that plaintiff, upon substitution, was to bring the wrongful death action on behalf of "all known parties and unknown parties."

Boatmen's National Bank of Belleville (plaintiff) was subsequently appointed special administrator of decedent's estate. It filed a fourth-amended complaint on January 12, 1989. This complaint alleged that the wrongful death action was being brought on behalf "of all known and unknown parties and next of kin of [decedent], specifically Charles Hughes, the natural father of the decedent, Virginia Miller, the natural mother of decedent, Christine Dockter, natural sister of the decedent, Kathleen J. Hughes, natural sister of the decedent, Kimberly Ann Hughes, natural sister of the decedent, and John Hughes, natural brother of the decedent." The complaint did not name Tartt as a party.

Defendants successfully moved to dismiss the fourth-amended complaint on the basis that plaintiff failed to specifically identify decedent's husband as a "known party" and that decedent's parents and siblings were not entitled to recover under the Act where a surviving spouse existed. The trial judge granted leave to file an amended complaint and ordered that the amended pleading include Tartt as a necessary party.

On March 29, 1989, plaintiff filed a fifth-amended complaint. The complaint designated the same "next of kin" as the fourth-amended complaint, but also included "Richard Tartt, estranged husband of Lynn Tartt, whose whereabouts is [*sic*] unknown and it is unknown if Richard Tartt is living." Tartt, however, was not specifically included as a "next of kin" who suffered injuries due to decedent's death. Defendants thereafter moved to dismiss the fifth-amended complaint, again contending that where a decedent is survived by a spouse, decedent's parents and siblings are not entitled to recovery under the Act. In an affidavit filed by Direct Lines, which was to be made part of its motion to dismiss, a person hired to locate Tartt stated that he had located Tartt in Corpus Christi, Texas.

On February 26, 1990, a sixth-amended complaint was filed which again alleged that decedent's "next of kin" included decedent's parents, siblings, and also Tartt. The difference between the fifth- and sixth-amended complaints was that the sixth-amended complaint now read, "Richard Tartt, husband of Lynn Tartt." The portion in the fifth-amended complaint alleging that Tartt's whereabouts were unknown was stricken. In this complaint, Tartt was also included as one of the "next of kin" who suffered injuries due to decedent's death. On March 9, 1990, the trial judge dismissed the sixth-amended complaint with leave granted to file a seventh-amended complaint. Relying again on *Maga*, the trial judge expressly found that decedent's parents and siblings were not "next of kin" as defined by the Act.

On April 6, 1990, plaintiff filed a seventh-amended complaint. The amended complaint again alleged that decedent's next of kin included her parents and siblings. Tartt, however, was no longer included as a "next of kin." The complaint alleged that Tartt had filed a

disclaimer of his interest in decedent's estate and wrongful death action, pursuant to section 2—7 of the Probate Act of 1975 (Ill. Rev. Stat. 1985, ch. 110$^1$/2, par. 2—7). The complaint further alleged that, under section 2—7(d) of the Code, the interest disclaimed in the wrongful death action was to be treated as if Tartt had predeceased decedent, thereby passing to decedent's parents and siblings an interest in the wrongful death action. The complaint alleged that decedent's parents and siblings were therefore proper parties to bring the action. The disclaimer was contingent on any or all of decedent's parents and siblings being considered decedent's "next of kin" and allowed to recover damages. On October 22, 1990, the trial judge dismissed the seventh-amended complaint. The judge found that no reasonable construction of the Act existed that would allow Tartt to disclaim his interest in the wrongful death action, thereby allowing the action to be prosecuted for the benefit of decedent's parents and siblings.

On October 25, 1990, an eighth-amended complaint was filed. The complaint was brought by and in the name of Tartt, as the surviving spouse of decedent. Decedent's parents and siblings were not mentioned in the complaint, nor was plaintiff named as special administrator of decedent's estate.

Defendants filed motions to strike and dismiss the eighth-amended complaint. They contended that Tartt was never properly substituted as plaintiff nor could he be substituted as plaintiff because he was not named as a plaintiff in any capacity until after the two-year statute of limitations had passed. Moreover, defendants argued that any cause of action filed on behalf of Tartt after the running of the statute of limitations did not relate back to the filing of the initial complaint. Defendants also argued that the prior complaints filed by plaintiff and decedent's father had been abandoned

by the filing of the eighth-amended complaint. See Ill. Rev. Stat. 1985, ch. 110, par. 2—616(d).

On October 31, 1991, the trial judge dismissed the eighth-amended complaint. On December 3, 1991, the trial judge, over defendants' objections, granted plaintiff leave to file a ninth-amended complaint. The trial judge concluded that plaintiff's proposed ninth-amended complaint made substantially the same allegations as contained in the original pleading and that the cause of action asserted in the amended and original pleadings arose out of the same occurrence or transaction. Accordingly, the trial judge determined that the proposed ninth-amended complaint related back to the original complaint and was not time-barred.

Pursuant to the trial judge's December 3, 1991, order, plaintiff, as special administrator for the estate of decedent, filed a ninth-amended complaint on December 19, 1991, against Direct Lines, Giesler, Reynolds, and Glastetter's estate. The complaint was brought solely on behalf of Tartt as decedent's surviving spouse. Defendants filed responsive pleadings to the complaint, and the trial judge struck various allegations in the complaint relating to decedent's pain and suffering. The case thereafter proceeded to trial on the ninth-amended complaint.

Prior to trial, plaintiff renewed its motion that the court recognize Tartt's disclaimer. The trial judge denied the motion, but indicated that the issue was preserved for appeal. The jury subsequently returned a verdict in favor of plaintiff in the amount of $2,500. The jury assessed the percentage of fault as follows: 5% against Direct Lines and Giesler, 5% against Reynolds, 90% against Glastetter, and 0% against decedent. Judgment was entered on the verdict on February 21, 1992. All post-trial motions were denied.

On appeal to the appellate court, plaintiff argued

that the trial court erred in (1) ruling that decedent's parents and siblings were not "next of kin" under the Act and in dismissing from the complaint their claims for damages; (2) ruling that Tartt's disclaimer was ineffective to disclaim his interest in the wrongful death action; and (3) striking from the ninth-amended complaint allegations of decedent's pain and suffering. Defendants cross-appealed, arguing that the trial judge erred in failing to dismiss Tartt's claim for wrongful death as being barred by the two-year statute of limitations. They also raised several claims of error regarding evidentiary rulings. Reynolds additionally argued that the trial judge erred in failing to grant his motion for a directed verdict at trial.

A divided appellate court reversed the judgment of the circuit court in favor of plaintiff and against defendants. (No. 5—92—0303 (unpublished order under Supreme Court Rule 23).) The appellate court first found that it was well settled that a decedent's parents and siblings were not "next of kin" within the meaning of the Act when decedent was survived by a spouse. The majority further found that plaintiff's argument to the contrary was waived because it filed an amended complaint that did not include claims by decedent's parents and siblings. The court next concluded that the issue regarding the validity of Tartt's disclaimer was also waived because plaintiff filed an amended complaint that did not contain an allegation regarding the disclaimer. Finally, the appellate court found that the wrongful death action should not have proceeded to trial on the ninth-amended complaint because that complaint was filed after the statute of limitations and did not relate back to the original complaint. The court reasoned that the failure to include Tartt as a beneficiary was due to the "inexcusable failure to act after the facts [had] been discovered." Moreover, the court found that

allowing the complaint to relate back would be fundamentally unfair to defendants because they would have been deprived of a fair opportunity to investigate Tartt's pecuniary loss at a time when those facts were reasonably accessible to them. Due to the appellate court's disposition of the case, it did not reach defendants' other claims of error.

Justice Chapman dissented, stating that the majority's concern that defendants might be prejudiced because of the alleged inability to investigate Tartt's pecuniary loss before the statute of limitations expired was not supported by the facts. Justice Chapman reasoned that it was defendants who, before the statute of limitations expired, filed a motion to dismiss based on Tartt's status as surviving spouse, and therefore would not have been prejudiced by the filing of the complaint after the statute of limitations. The dissenting judge also questioned whether it was well settled that parents and siblings were not "next of kin" when a decedent was survived by a spouse. We granted plaintiff's petition for leave to appeal. 145 Ill. 2d R. 315(a).

On appeal to this court, plaintiff argues that the appellate court erred in (1) ruling that parents and siblings of a decedent are not "next of kin" within the meaning of the Act when decedent is survived by a spouse; (2) failing to recognize that Tartt effectively disclaimed his interest in the wrongful death action; and (3) finding that the ninth-amended complaint did not relate back to the filing of the original complaint. Direct Lines and Giesler also raise as grounds for cross-relief that the trial judge erred in permitting plaintiff to read into evidence portions of several depositions and in allowing evidence of the Federal Motor Carrier Safety Regulations. (134 Ill. 2d R. 318(a).) Reynolds argues as a ground for cross-relief that the trial judge erred in denying his motion for a directed verdict and judgment *n.o.v.* He fur-

ther contends that if this court finds in favor of plaintiff on all issues that we should order a new trial as to all issues and not just on the issue of damages, as plaintiff requests.

As to the first two issues plaintiff raises, we find that they have been waived for review. It is well established that a party who files an amended pleading waives any objection to the trial court's ruling on the former complaints. (*Pfaff v. Chrysler Corp.* (1992), 155 Ill. 2d 35, 61; *Foxcroft Townhome Owners Association v. Hoffman Rosner Corp.* (1983), 96 Ill. 2d 150, 153; *Bowman v. County of Lake* (1963), 29 Ill. 2d 268, 272; see also *Cottrell v. Gerson* (1939), 371 Ill. 174, 179 ("It has always been the rule in this State that if a party wishes to have the action of the court in overruling his demurrer reviewed, he must abide by his demurrer. By pleading over, he waives his demurrer and the right to assign error upon the ruling").) Here, plaintiff elected to amend the complaints containing claims of decedent's parents and siblings and allegations regarding Tartt's disclaimer of his interest in the wrongful death action. By filing a final amended complaint that did not incorporate these allegations, plaintiff has waived any objection to the trial judge's dismissal of these prior complaints. In order to have preserved the trial judge's rulings for review, it would have been necessary for plaintiff to have stood on the dismissed complaints and obtained an order dismissing the action with prejudice. See *Ridgely v. Central Pipe Line Co.* (1951), 409 Ill. 46, 49; *Calkin v. Roberts Park Fire Protection District* (1949), 402 Ill. 579, 580; *Miller v. Suburban Medical Center at Hoffman Estates, Inc.* (1989), 184 Ill. App. 3d 545, 547-48; *County of Knox v. Switzer* (1987), 151 Ill. App. 3d 873, 874; *Wick Building Systems, Inc. v. Bunning* (1982), 107 Ill. App. 3d 61, 62-63; see also *Morris v. Banterra Bank* (1994), 159 Ill. 2d 551, 560-61 (Bilandic, C.J., dissenting); *Sander v. Dow Chemical Co.* (1995), 166 Ill. 2d 48, 69.

We recognize that plaintiff continued to challenge the trial judge's ruling regarding the disclaimer and the claims for recovery by decedent's parents and siblings by (1) including both claims in its motion for a new trial, (2) reasserting its position that decedent's parents and siblings should be able to recover under the Act in objecting to a motion *in limine*, and (3) requesting that the trial judge reconsider his ruling on the validity of the disclaimer before trial. We do not, however, find that these actions by plaintiff preserve the issues for review. This court has rejected the notion that dismissed complaints may nevertheless be reviewed when a plaintiff does not manifest an intent to abandon the original counts. (See *Foxcroft*, 96 Ill. 2d at 153.) Rather, this court has continued to adhere to the principle that a party who files an amended pleading waives any objection to the trial court's ruling on the former complaints.

Moreover, we acknowledge that, in denying plaintiff's motion to reconsider its ruling regarding Tartt's disclaimer, the trial judge indicated that the issue regarding Tartt's disclaimer would be preserved for review. This fact, however, also does not preclude a finding of waiver. Plaintiffs should not be excused from following rules intended to preserve issues for review by relying on a trial judge's erroneous belief that an issue was properly preserved for review. See *Mitchell v. Fiat-Allis, Inc.* (1994), 158 Ill. 2d 143, 150.

Accordingly, the only issue before this court relates to the ninth-amended complaint and whether this complaint, brought solely on behalf of Tartt as decedent's surviving spouse and next of kin and filed after the statute of limitations expired, was timely filed. The Act requires that an action for wrongful death be commenced within two years after decedent's death. (Ill. Rev. Stat. 1985, ch. 70, par. 2.) Decedent was killed on November 22, 1986, and therefore the limitations period

for bringing claims for the wrongful death of decedent expired on November 22, 1988. The original complaint filed by decedent's father on behalf of decedent's "next of kin" was timely filed on May 9, 1988. The second- and third-amended complaints were also filed within the limitations period. All amended complaints filed after the third-amended complaint, however, were filed after the expiration of the limitations period. The first complaint in which Tartt was specifically included as decedent's next of kin was the fifth-amended complaint, filed March 29, 1989, four months after the expiration of the limitations period. The ninth-amended complaint was filed on December 19, 1991, over three years after the statute of limitations had expired. For this complaint to be considered timely filed, this court must find that it relates back to the originally filed complaint.

Section 2—616 of the Illinois Code of Civil Procedure (Code) governs the relation back of amendments to pleadings:

"(b) The cause of action *** set up in any amended pleading shall not be barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if the time prescribed or limited had not expired when the original pleading was filed, and if it shall appear from the original and amended pleadings that the cause of action asserted *** in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery *** if the condition precedent has in fact been performed, and for the purpose of preserving the cause of action *** set up in the amended pleading, and for that purpose only, an amendment to any pleading shall be held to relate back to the date of the filing of the original pleading so amended." (Ill. Rev. Stat. 1985, ch. 110, par. 2—616(b).)

This section permits the relation back of an amended

pleading to avoid a statute of limitations if two requirements are met: (1) the original pleading was timely filed and (2) the original and amended pleadings indicate that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading. (*Wolf v. Meister-Neiberg, Inc.* (1991), 143 Ill. 2d 44, 46; *Zeh v. Wheeler* (1986), 111 Ill. 2d 266, 270-71.) The purpose of the relation back provision has been construed as the preservation of causes of action, including those brought under the Act, against loss by reason of technical rules of pleading. (*Halberstadt v. Harris Trust & Savings Bank* (1973), 55 Ill. 2d 121, 124-25.) To further this purpose, courts should liberally construe the requirements of section 2—616(b) in order to allow the resolution of litigation on the merits and to avoid elevating questions of form over substance. (*Zeh*, 111 Ill. 2d at 278.) The rationale behind the same transaction or occurrence rule is that a defendant will not be prejudiced by an amendment so long as "his attention was directed, within the time prescribed or limited, to the facts that form the basis of the claim asserted against him." *Simmons v. Hendricks* (1965), 32 Ill. 2d 489, 495.

Additionally, the end of both the statute of limitations and section 2—616(b) is to afford a defendant a fair opportunity to investigate the circumstances upon which his liability is based while the facts are accessible. (See *Farkas v. Howard* (1988), 176 Ill. App. 3d 1005.) Consequently, " 'the right to amend and the relation back of an amendment depend on whether the original complaint furnished to the defendant all the information necessary for him to prepare a defense to the claim subsequently asserted in the amended complaint.' " *Lopez v. Oyarzabal* (1989), 180 Ill. App. 3d 132, 135, quoting *Joyce v. Wilner* (1987), 156 Ill. App. 3d 702, 706; see also *Perkins v. Pepsi-Cola General Bottlers, Inc.* (1987), 158 Ill. App. 3d 893, 900.

The parties do not dispute that the original complaint was filed within the statute of limitations. Thus, the question before us is whether the ninth-amended complaint grew out of the same transaction or occurrence set out in the original pleading. (Ill. Rev. Stat. 1985, ch. 110, par. 2—615(b).) After reviewing the record, we conclude that plaintiff's ninth-amended complaint set forth a cause of action that grew out of the same occurrence or transaction as that alleged in the original pleading and therefore related back to the original complaint. We note here that defendants do not argue that the substitution of plaintiff as administrator after the statute of limitations elapsed does not relate back to the filing of the original complaint. Rather, defendants' arguments are limited to whether Tartt's claim in the ninth-amended complaint related back.

In *Gustafson v. Consumers Sales Agency, Inc.* (1953), 414 Ill. 235, 236-37, a wrongful death action was filed by the administrator of the estate of the deceased, a seven-year-old child. The circuit court entered judgment on the jury verdict in favor of the plaintiff. The appellate court reversed that judgment because the complaint failed to specifically allege the names of decedent's next of kin and that they suffered pecuniary damages. The issue presented on appeal to this court was whether the defects or omissions in the complaint, raised for the first time on review, constituted reversible error. *Gustafson*, 414 Ill. at 237.

In determining that defendant's attack on the sufficiency of the complaint could not be raised for the first time on appeal, this court noted:

"Inasmuch as the Wrongful Death Act confers the right of action for the benefit of the surviving 'next of kin' who have suffered pecuniary damages as a result of the death of the decedent, it is evident that good pleading would dictate that each of the next of kin should be named along with an allegation of their relationship to the deceased,

and of their pecuniary injuries resulting from his death, so that the defendant may contest the pecuniary damages as any other fact at issue in the case. However, the chief importance of all such specific allegations is in connection with the question of the amount of damages, if any, to be assessed, and the only essential prerequisite to a statement of a cause of action, or basis for imposing liability, is an allegation of the survival of beneficiaries of the class who may recover under the statute." *Gustafson*, 414 Ill. at 244-45.

This court then proceeded to conclude that defendant could not raise a question regarding the sufficiency of the complaint for the first time on appeal. Of particular importance to this case, this court found that one reason why defendant could not raise the issue was because the omission in the complaint of the names of all the next of kin and pecuniary damages sustained by them could have been objected to at trial and cured by amendment, provided the amendment arose out of the same transaction or occurrence. This court noted that such an amendment would relate back to the date of the filing of the original complaint. In support of the preceding statement, this court cited *Chapman v. Terminal R.R. Association* (Mo. Ct. App. 1940), 137 S.W.2d 612, in which a Missouri court determined that under Illinois law an original complaint that omitted any reference to survivors of the decedent could be remedied by amendment even after the expiration of the period for filing wrongful death actions. (*Chapman*, 137 S.W.2d at 617.) Relying on *Chapman*, this court found that the complaint in *Gustafson* could have been amended and therefore concluded that the judgment rendered on the verdict should not be reversed because of the omission in the pleading. *Gustafson*, 414 Ill. at 247-48.

We find that *Gustafson* is controlling in the present case, and therefore conclude that the ninth-amended complaint relates back to the filing of the original com-

plaint. Here, the original complaint informed defendant of the nature of the underlying cause of action and the basis on which liability was predicated. The original complaint was brought on behalf of decedent's "next of kin," thereby putting defendants on notice of the survival of a class of beneficiaries who could recover under the Act. The sole beneficiary named in the final amended complaint was Tartt, who was decedent's "next of kin." Moreover, the amendment did not change the nature of the suit, which was for the wrongful death of decedent. We therefore find that the subsequent amendment of the complaint to assert that Tartt was the sole beneficiary under the Act grew out of the same transaction or occurrence set out in the original complaint and consequently related back to the filing of the original complaint. (See *Hougland v. Avery Coal & Mining Co.* (1910), 246 Ill. 609, 618-19; *Waller v. Cooper* (1964), 49 Ill. App. 2d 482; Annot., 8 A.L.R.2d 6, 47 (1949) ("By the weight of authority, the addition as parties plaintiff in an action under the wrongful death statutes, of persons who might have instituted the action, is not regarded as the beginning of a new action by such additional plaintiffs as regards the statute of limitations").) Additionally, allowing the amendment in this particular situation to relate back furthers the legislative intent of the relation back provisions to preserve a cause of action against the loss by overly technical application of rules of pleading. We also note that defendants are not prejudiced by this ruling because they were aware of Tartt's existence prior to the expiration of the statute of limitations. See *Zeh*, 111 Ill. 2d at 278-79.

Reynolds argues, however, that the relation back doctrine should not apply because the last amended complaint filed by plaintiff prior to the final complaint was the seventh-amended complaint, which was abandoned by the filing of the eighth-amended complaint. Reynolds

contends that once the seventh-amended complaint was abandoned it was "a nullity upon which no relation back could be based." Direct Lines and Giesler make a similar argument. They contend that the ninth-amended complaint should not be considered to relate back to the originally filed complaint because plaintiff abandoned the cause of action by allowing Tartt to file the eighth-amended complaint in his own right. They argue that the ninth-amended complaint filed by plaintiff could only relate back by way of each preceding amended complaint to avoid the bar of the statute of limitations. Direct Lines and Giesler contend that since the eighth-amended complaint was brought by Tartt all prior pleadings were abandoned and withdrawn. Thus, they maintain that the ninth-amended complaint cannot relate back to otherwise timely filed complaints as these were, in effect, abandoned or withdrawn.

While it is correct that where an amendment is complete in itself and does not refer to or adopt the prior pleading, the earlier pleading ceases to be part of the record for most purposes, being in effect abandoned and withdrawn. (*Bowman v. County of Lake* (1963), 29 Ill. 2d 268, 272; *Foxcroft*, 96 Ill. 2d at 154.) Although the above rule may be correct in determining whether a party has waived objections to the trial court's ruling on the former complaints, we see no reason why the same rule should apply for purposes of the relation back doctrine. We therefore reject defendants' argument.

We also reject Direct Lines and Giesler's argument that plaintiff abandoned its reliance on the relation back doctrine by attempting to disclaim Tartt's interest in the wrongful death action. The relation back provisions are only concerned with whether the amended complaint grew out of the same transaction or occurrence set up in the original pleading. If the cause of action in the amended pleading did grow out of the same transac-

tion or occurrence set up in the original pleading and the original pleading was timely filed, the amended pleading will be determined to relate back to the filing of the original complaint. (See *Zeh*, 111 Ill. 2d at 270-71.) The fact that Tartt attempted to disclaim his interest in the wrongful death action would not affect this determination.

For the reasons stated, the judgment of the appellate court is reversed. Because of the appellate court's disposition of the case, it did not address other issues raised by defendants, so they are not properly before us. We therefore remand to the appellate court for consideration of the remaining issues. See *Christopher v. West* (1951), 409 Ill. 131, 135 ("When the Appellate Court does not pass upon questions raised by assignments of error in that court, the Supreme Court on appeal from that court cannot pass upon those questions"); see also *Geary v. Dominick's Finer Foods, Inc.* (1989), 129 Ill. 2d 389, 394; *Holmes v. Birtman Electric Co.* (1960), 18 Ill. 2d 554, 569; *Hankenson v. Board of Education of Waukegan Township High School District No. 119* (1957), 10 Ill. 2d 560, 566; *Canadian Radium & Uranium Corp. v. Indemnity Insurance Co. of North America* (1952), 411 Ill. 325, 336.

*Appellate court reversed;*
*cause remanded.*