# Illinois Official Reports

## Supreme Court

> **_Lawler v. University of Chicago Medical Center_, 2017 IL 120745**

| | |
|---|---|
| Caption in Supreme Court: | SHERI LAWLER, Appellee, v. UNIVERSITY OF CHICAGO MEDICAL CENTER *et al.*, Appellants. |
| Docket No. | 120745 |
| Filed | November 30, 2017 |
| Decision Under Review | Appeal from the Appellate Court for the First District; heard in that court on appeal from the Circuit Court of Cook County, the Hon. Daniel T. Gillespie, Judge, presiding. |
| Judgment | Appellate court judgment affirmed. <br> Circuit court judgment reversed. |
| Counsel on Appeal | Michael T. Trucco, Julie N. Howie, and Megan T. Hughes, of Stamos & Trucco LLP, of Chicago, for appellants University of Chicago Medical Center *et al.* <br><br> Julie A. Teuscher, Rudolf G. Schade, Jr., and Matthew A. Eliaser, of Cassiday Schade LLP, of Chicago, for appellant Advocate Christ Medical Center. <br><br> Robert Marc Chemers, Daniel B. Mills, and Scott L. Howie, of Pretzel & Stouffer, Chtrd., of Chicago, for other appellants. |

Keith A. Hebeisen, Bradley M. Cosgrove, Sarah F. King, and Robert P. Sheridan, of Clifford Law Offices, P.C., of Chicago, for appellee.

Hugh C. Griffin, of Hall Prangle & Schoonveld, LLC, of Chicago, and Mark Deaton, of Naperville, for *amici curiae* Illinois Health and Hospital Association *et al.*

John K. Kennedy, of James D. Montgomery & Associates, Ltd., of Chicago, for *amicus curiae* Illinois Trial Lawyers Association.

Justices

JUSTICE FREEMAN delivered the judgment of the court, with opinion.

Chief Justice Karmeier and Justices Thomas, Kilbride, Garman, Burke, and Theis concurred in the judgment and opinion.

## OPINION

¶ 1    In this case, we consider whether the relation back statute (735 ILCS 5/2-616(b) (West 2010)) applies to a wrongful death claim when the death occurs more than four years after the alleged act of negligence. Plaintiff, Sheri Lawler, filed an amended complaint alleging a wrongful death claim against defendants, numerous medical providers. Defendants sought to dismiss the claim as time-barred by the four-year medical malpractice statute of repose. 735 ILCS 5/13-212(a) (West 2010). The circuit court of Cook County granted defendants' motions. However, on appeal, the appellate court reversed. 2016 IL App (1st) 143189. For the following reasons, we affirm the judgment of the appellate court.

¶ 2                                    BACKGROUND

¶ 3    This case is before us on the pleadings. Jill Prusak, decedent, filed a two-count complaint on August 4, 2011, alleging medical malpractice against Dr. Rama D. Jager, University Retina and Macula Associates, P.C. (University Retina), and numerous University of Chicago and Advocate medical providers.[1] The complaint alleged that, from November 5, 2007, through July 2009, Prusak received medical care and treatment from Dr. Jager for "flashes, spots and

_____

[1] The University of Chicago defendants are the University of Chicago Medical Center, the University of Chicago Hospitals and Health System, the University of Chicago Physicians Group, and the University of Chicago Hospitals. The Advocate Health defendants are Advocate Health and Hospitals Corporation, Advocate Health Care Network, Advocate Health Centers, Inc., Advocate Professional Group, S.C., Advocate Christ Hospital Health Partners, Advocate Christ Hospital and Medical Center, Advocate Christ Medical Center, Advocate South Suburban Hospital, Advocate Health Partners, Advocate Medical Group, Advocate Christ Medical Group, Advocate Christ Hospital Physician Partners, and Advocate Health Care.

- 2 -

floaters in her eyes." On August 7, 2009, she underwent a brain biopsy that showed she had central nervous system lymphoma. She alleged that Dr. Jager was negligent in the following ways:

"a) [f]ailed to order appropriate diagnostic testing on November 5th, 2007 for a patient with bilateral metamorphopsia and visual acuity that could not be corrected to normal levels in either eyes [*sic*];

b) [f]ailed to diagnose macular pathology, and

c) [f]ailed to perform appropriate medical evaluation of a 47 year old patient with macular pathology and no known systemic illness."

Count I was directed against numerous University of Chicago medical providers and asserted that Dr. Jager was their agent, employee, or apparent agent. Count II was directed against numerous Advocate medical providers and asserted that Dr. Jager was their agent, employee, or apparent agent.[2]

¶ 4 Prusak died on November 24, 2013. The circuit court granted Prusak's daughter, Sheri Lawler, leave to file an amended complaint, substituting herself as party plaintiff and as the executor of Prusak's estate. On April 11, 2014, Lawler filed a four-count first amended complaint against all defendants. Counts I and II were directed against the University of Chicago defendants and contained the same allegations of negligence as the original complaint. Count I was brought pursuant to the Wrongful Death Act (740 ILCS 180/2 (West 2010)), and count II was brought pursuant to the Survival Act (755 ILCS 5/27-6 (West 2010)). Counts III and IV were directed against the Advocate defendants and also contained the same allegations of negligence as the original complaint. Count III was brought pursuant to the Wrongful Death Act, and count IV was brought pursuant to the Survival Act.[3]

¶ 5 The University of Chicago defendants filed a motion to dismiss the wrongful death claim based on section 2-619(a)(5) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(5) (West 2010)). The motion alleged that plaintiff's wrongful death claim was barred by the four-year medical malpractice statute of repose because decedent had died more than four years after the last alleged act of negligent medical treatment. Dr. Jager, University Retina, and the Advocate defendants also filed motions to dismiss on the same basis.

¶ 6 Plaintiff responded to defendants' motions and argued that the wrongful death claim was timely and was not barred by the statute of repose because it related back to the original complaint pursuant to section 2-616(b) of the Code (735 ILCS 5/2-616(b) (West 2010)).

¶ 7 The circuit court agreed with defendants and dismissed the wrongful death claim. The court reasoned that the medical malpractice statute of repose was an "absolute bar" to a wrongful death claim brought more than four years after the last alleged act of negligence and that the relation back doctrine did not apply.

¶ 8 The appellate court reversed, concluding that the relation back doctrine did apply and that plaintiff's wrongful death claim was not barred by the statute of repose. 2016 IL App (1st) 143189, ¶ 52. The court noted that plaintiff's original complaint was timely filed and that the

---

[2]Subsequently, in July 2012, by an agreed order, all Advocate defendants except Advocate Christ Hospital and Medical Center and Advocate Christ Medical Center were dismissed.

[3]Subsequently, plaintiff filed a motion to dismiss all of the previously dismissed defendants, and in an agreed order in June 2014, those defendants were dismissed.

wrongful death claim related back to the original complaint and was therefore timely. It specifically relied on the language in the relation back statute that " '[t]he cause of action *** in any amended pleading shall not be barred by lapse of time *under any statute* or contract prescribing or limiting the time within which an action may be brought or right asserted.' " (Emphasis in original.) *Id.* ¶ 56 (quoting 735 ILCS 5/2-616(b) (West 2010)).

¶ 9                                                    ANALYSIS

¶ 10         Defendants contend on appeal that the relation back statute does not apply in cases such as here, where a death occurs more than four years after the alleged negligence. Alternatively, defendants argue that even if the relation back statute does apply, the medical malpractice statute of repose should control and preclude plaintiff's wrongful death claim.

¶ 11         Defendants' motions to dismiss the wrongful death claim were brought pursuant to section 2-619(a)(5) of the Code. When deciding a motion based on section 2-619 of the Code, a court accepts all well-pleaded facts in the complaint as true and will grant the motion when it appears that no set of facts can be proved that would allow the plaintiff to recover. *Moon v. Rhode*, 2016 IL 119572, ¶ 15. Also, section 2-619(a)(5) of the Code provides that a defendant is entitled to a dismissal if the "action was not commenced within the time limited by law." 735 ILCS 5/2-619(a)(5) (West 2010). We review an order granting a section 2-619 motion to dismiss *de novo*. *Moon*, 2016 IL 119572, ¶ 15.

¶ 12         This court's primary goal in construing a statute is to ascertain and give effect to the intent of the legislature. *DeLuna v. Burciaga*, 223 Ill. 2d 49, 59 (2006). The most reliable indication of legislative intent is the plain language of the statute, which must be given its plain and ordinary meaning. *Evanston Insurance Co. v. Riseborough*, 2014 IL 114271, ¶ 15. In determining the plain language of a statute, we consider the statute in its entirety, keeping in mind the subject it addresses and the intent of the legislature in enacting the statute. *Orlak v. Loyola University Health System*, 228 Ill. 2d 1, 8 (2007). When statutory language is clear and unambiguous, a court may not depart from the plain language and meaning of the statute by reading into it exceptions, limitations, or conditions that the legislature did not express. *Evanston Insurance Co.*, 2014 IL 114271, ¶ 15. Further, we must presume that the legislature did not intend to create absurd, inconvenient, or unjust results. *Solon v. Midwest Medical Records Ass'n*, 236 Ill. 2d 433, 441 (2010). The interpretation of a statute and the applicability of a statute of repose to a cause of action are questions of law subject to *de novo* review. *Evanston Insurance Co.*, 2014 IL 114271, ¶ 13.

¶ 13         To determine whether the relation back statute applies here, we consider the three statutes at issue: the Wrongful Death Act, the medical malpractice statute of repose, and the relation back statute.

¶ 14                                           Wrongful Death Act

¶ 15         A wrongful death action allows the decedent's next of kin to recover damages for their own loss based on the wrongful actions of another. *Wyness v. Armstrong World Industries, Inc.*, 131 Ill. 2d 403, 411 (1989). The cause of action accrues when the death occurs. *Id.* at 412. Although the precipitating "injury" for the next of kin that opens the door to a wrongful death action (*i.e.*, the death) is different than the "injury" to an individual initiating a personal injury action (*i.e.*, an injury wrongfully caused by another), the death must also be the result of a

wrongfully caused injury suffered by the deceased at the hands of another. *Id.* at 414-15. Accordingly, we have explained that in a wrongful death action " 'the cause of action is the wrongful act, neglect or default causing death, and not merely the death itself.' " *Id.* at 411 (quoting *Mooney v. City of Chicago*, 239 Ill. 414, 423 (1909)). A wrongful death action must be commenced within two years after the death. 740 ILCS 180/2 (West 2010).

¶ 16                                    Medical Malpractice Statute of Repose

¶ 17        The medical malpractice statute of repose is set forth in section 13-212(a) of the Code. It provides that actions based on medical malpractice are subject to a four-year statute of repose. Section 13-212(a) provides in relevant part:

> "Except as provided in Section 13-215 of this Act, no action for damages for injury or death against any physician *** whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of the injury or death for which damages are sought in the action, whichever of such date occurs first, but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death." 735 ILCS 5/13-212(a) (West 2010).

¶ 18        The statute's four-year repose period is triggered by the occurrence of the act or omission that caused the injury, whereas the two-year limitations period is triggered by the plaintiff's discovery of the injury. *Orlak*, 228 Ill. 2d at 7. The only exception expressly noted by the statutory language is the fraudulent concealment exception in section 13-215 of the Code (735 ILCS 5/13-215 (West 2010)), which is not at issue here. Thus, the statute of repose may preclude recovery for an injury arising out of patient care even before the plaintiff knows or discovers the injury. *Orlak*, 228 Ill. 2d at 8. Though such a result may seem "harsh and unfair," the repose period was enacted by the legislature to curtail the "long tail" of exposure to medical malpractice claims as a result of the discovery rule by placing an outer time limit within which a malpractice action must be commenced. *Anderson v. Wagner*, 79 Ill. 2d 295, 312 (1979); *Hayes v. Mercy Hospital & Medical Center*, 136 Ill. 2d 450, 457-58 (1990).

¶ 19                                          Relation Back Statute

¶ 20        The relation back statute permits an amended pleading to relate back to the date of the original pleading if the original pleading was timely and the amendment grew out of the same transaction or occurrence set up in the original pleading. 735 ILCS 5/2-616(b) (West 2010). The statute provides:

> "The cause of action, cross claim or defense set up in any amended pleading shall not be barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if the time prescribed or limited had not expired when the original pleading was filed, and if it shall appear from the original and amended pleadings that the cause of action asserted, or the defense or cross claim interposed in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some

fact or some other matter which is a necessary condition precedent to the right of recovery or defense asserted, if the condition precedent has in fact been performed, and for the purpose of preserving the cause of action, cross claim or defense set up in the amended pleading, and for that purpose only, an amendment to any pleading shall be held to relate back to the date of the filing of the original pleading so amended." *Id.*

¶ 21    In construing the statute, this court has explained that section 2-616(b) of the Code permits an amended pleading filed after the expiration of the limitations period to relate back to the filing of the original complaint if two requirements are met: (1) the original pleading was timely filed and (2) the original and amended pleadings indicate that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading. *Boatmen's National Bank of Belleville v. Direct Lines, Inc.*, 167 Ill. 2d 88, 101-02 (1995); *Wolf v. Meister-Neiberg, Inc.*, 143 Ill. 2d 44, 46 (1991); *Bryson v. News America Publications, Inc.*, 174 Ill. 2d 77, 106 (1996). A liberal construction of the requirements of section 2-616(b) is necessary "to allow the resolution of litigation on the merits and to avoid elevating questions of form over substance." *Boatmen's National Bank of Belleville*, 167 Ill. 2d at 102. The purpose of the statute is to preserve causes of action against loss by reason of technical default unrelated to the merits. *Porter v. Decatur Memorial Hospital*, 227 Ill. 2d 343, 355 (2008). We have stated that the "rationale behind the same transaction or occurrence rule is that a defendant will not be prejudiced by an amendment so long as 'his attention was directed, within the time prescribed or limited, to the facts that form the basis of the claim asserted against him.' " *Boatmen's National Bank of Belleville*, 167 Ill. 2d at 102 (quoting *Simmons v. Hendricks*, 32 Ill. 2d 489, 495 (1965)).

¶ 22    The case of *Zeh v. Wheeler*, 111 Ill. 2d 266 (1986), illustrates the application of the relation back statute. There, the plaintiff timely filed a "slip and fall" negligence complaint against the defendants for failing to maintain a common stairway at an apartment building that the defendants owned or managed. Subsequently, and after the expiration of the limitations period, the plaintiff filed an amended complaint changing the address of the injury from 4400 South Wallace Street in Chicago to 4400 South Lowe Avenue in Chicago. The buildings were two blocks apart and had different owners but were both managed by the same management company. The parties agreed that the plaintiff's amended complaint would be barred by the limitations period unless the amendment related back to the date of the filing of the original complaint.

¶ 23    In determining whether the plaintiff's amended complaint related back to the original complaint, this court considered the statute's " 'same transaction or occurrence' " language. *Id.* at 271. We examined the history of the statute, noting that prior versions of the statute provided for a relation back if the cause of action in the amended pleading grew out of the same transaction or occurrence *and* was substantially the same as that set up in the original pleading. *Id.* at 272. Subsequent amendments, however, eliminated the "substantially the same as" language and shifted the focus to an identity of transaction or occurrence test. *Id.* at 272-73.

¶ 24    This court concluded in *Zeh* that the plaintiff's amended complaint did not relate back because it grew out of a different occurrence from that alleged in the original pleading. *Id.* at 277. We found that the facts alleged in the amended complaint were not merely a redescription of the place where the incident occurred or a more particular statement of the facts alleged in the original complaint. *Id.* Rather, the original and amended complaints described two entirely

different building locations that had different owners. *Id.* We reasoned that the occurrence upon which the cause of action is based must be properly pleaded to give a defendant a reasonable amount of information concerning where the incident took place. *Id.* at 278.

¶ 25 We now address defendants' initial contention, which presents a question of first impression before this court, that the relation back statute does not apply here, where decedent's death occurred more than four years after the alleged medical negligence. Defendants maintain that plaintiff's wrongful death cause of action was "extinguished" by the statute of repose before it accrued and the relation back statute cannot "preserve" it. Defendants also argue that the appellate court erred because it blurred the distinctions between statutes of limitations and statutes of repose, when its analysis referenced "notice" and "prejudice."

¶ 26 Decedent's original complaint alleged that she received medical treatment from defendants beginning on November 5, 2007, and continuing through July 2009. The complaint further alleged that on August 7, 2009, decedent learned that she had central nervous system lymphoma. The two-year statute of limitations was triggered by decedent's discovery of her injury on August 7, 2009, and the parties agree that the original complaint, filed on August 4, 2011, was timely. In contrast, the four-year statute of repose period began on the date of the last alleged act of medical treatment, which was in July 2009.[4] Thus, the four-year period expired in July 2013. Decedent died on November 24, 2013, and plaintiff's amended complaint, which added the wrongful death claim, was filed on April 11, 2014.

¶ 27 The wrongful death cause of action accrued here upon decedent's death, which occurred several months after the four-year repose period had expired. If plaintiff had filed an original complaint alleging a wrongful death cause of action at that time, it would have been barred by the statute of repose. 735 ILCS 5/13-212(a) (West 2010). However, the question here is whether a pending complaint can be amended to include a wrongful death claim that accrued after the statute of repose expired. Pursuant to the relation back statute, we find that it can.

¶ 28 The relation back statute provides that amendments to a complaint "shall not be barred by lapse of time under *any statute* or contract prescribing or limiting the time within which an action may be brought or right asserted, if the time prescribed or limited had not expired when the original pleading was filed." (Emphasis added.) 735 ILCS 5/2-616(b) (West 2010). If the original complaint was timely, an amendment will not be barred by any time limitation, so long as the amendment grew out of the same transaction or occurrence as the original complaint. The parties do not dispute that plaintiff's original complaint was timely filed. It is also clear that the amendment grew out of the same transaction or occurrence as alleged in the original complaint, and defendants make no argument to the contrary. The wrongful death claim was based on the same alleged acts of medical malpractice as in the original complaint. In fact, the allegations of malpractice in the wrongful death claim are taken verbatim from the allegations of malpractice in the original complaint. Since plaintiff has satisfied the two requirements in the relation back statute, it applies to her wrongful death claim. And, pursuant to the statute, the claim is not time-barred even though it accrued after the statute of repose period expired.

_____

[4]The circuit court's order identifies decedent's last date of treatment as July 13, 2009. However, the complaint alleges that decedent received medical treatment "through July 2009." The exact July date does not affect our analysis.

Therefore, plaintiff's wrongful death claim can be added by amendment to plaintiff's pending complaint pursuant to the relation back statute.

¶ 29    We disagree with defendants that the statute of repose "extinguished" the wrongful death claim before it accrued. Defendants rely on our language in *Evanston Insurance Co.*, where we stated that "a statute of repose extinguishes the action after a defined period of time, regardless of when the action accrued." *Evanston Insurance Co.*, 2014 IL 114271, ¶ 16. We also stated that, "[a]fter the expiration of the repose period, '[t]he injured party no longer has a recognized right of action.' " *Id.* (quoting *Goodman v. Harbor Market, Ltd.*, 278 Ill. App. 3d 684, 691 (1995)). We further explained that "[a] plaintiff's right to bring an action is terminated when the event giving rise to the cause of action does not transpire within the period of time specified in the statute of repose." *Id.* However, we have not used the term "extinguish" with regard to the relation back statute, which specifically precludes amendments to pending complaints from being time-barred. Accordingly, we reject defendants' contention that the statute of repose "extinguishes" a wrongful death claim such that the relation back statute cannot apply.

¶ 30    Similarly, it follows that such a conclusion does not run afoul of the purpose of the relation back doctrine. Defendants argue that the relation back statute cannot "preserve" a cause of action that is time-barred and "is powerless to rescue a claim that did not exist before the repose period expired." They rely on *Real v. Kim*, 112 Ill. App. 3d 427 (1983), and *Evanston Insurance Co.* However, we find these cases distinguishable, as they did not contain a discussion of the relation back statute or involve an amendment to a pending complaint. The *Real* case simply involved a decedent who died more than four years after the alleged act of negligence, and the appellate court held that his medical malpractice and wrongful death action was time-barred because the action was filed after the four-year repose period had expired. *Id.* The cause of action was not time-barred because the death occurred after the repose period; the action was time-barred because it was brought after the repose period.

¶ 31    The *Evanston Insurance Co.* case involved a legal malpractice complaint, which this court held was properly dismissed as "premature," since it was filed before the cause of action accrued. *Evanston Insurance Co.*, 2014 IL 114271, ¶ 30. We explained that a plaintiff cannot "avoid an applicable statute of repose by filing a premature complaint alleging claims which have not fully accrued." *Id.* Subsequently, after the cause of action had accrued, the plaintiff filed another complaint, which it referred to as a "second amended complaint," with the same allegations of legal malpractice. However, that complaint was filed after the legal malpractice repose period had expired. The plaintiff argued that the second amended complaint was timely because it related back to the original complaint that was filed within the repose period. We did not address the plaintiff's relation back argument, finding that it had been forfeited in the circuit court. *Id.* ¶ 36.

¶ 32    Defendants maintain that the appellate court here enabled the plaintiff to "preserve" its wrongful death claim until the claim accrued, which we specifically prohibited in *Evanston Insurance Co.* However, *Evanston Insurance Co.* did not involve an amendment to a pending complaint. The original complaint had been dismissed because it was unable to state a cause of action for legal malpractice. Though the plaintiffs titled their subsequent complaint a "second amended complaint," it was not an amendment to a pending complaint. Moreover, here, plaintiff's wrongful death claim was not premature as in *Evanston Insurance Co.* Plaintiff sought to add the claim to a pending complaint after the claim accrued. The legal fiction that

the relation back statute considers the claim brought as of the date of the original complaint does not run afoul of our holding in *Evanston Insurance Co.* The legislature chose to preclude claims from being time-barred in very limited situations such as here, where, if an amendment related back to the timely filed original complaint, it would not be "barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted." 735 ILCS 5/2-616(b) (West 2010). This legal fiction of the amendment relating back to the date of filing allows the statute to function as the legislature intended; it does not mean that an amendment can add a claim that has not yet accrued. We find that *Real* and *Evanston Insurance Co.* do not support defendants' position.

¶ 33    Defendants also argue that the appellate court's decision was in error because it blurred the distinctions between statutes of limitations and statutes of repose. Specifically, defendants point to the court's references to "notice" and "prejudice," which they argue are concerns only implicated with statutes of limitations rather than statutes of repose.

¶ 34    The appellate court referred to "notice" and "prejudice" based on the legislative history of the relation back statute. As stated in *Zeh*, the rationale for the legislative change to the same transaction or occurrence test was that " 'a defendant has not been prejudiced so long as his attention was directed, within the time prescribed or limited, to the facts that form the basis of the claim asserted against him.' " *Zeh*, 111 Ill. 2d at 273 (quoting *Simmons v. Hendricks*, 32 Ill. 2d 489, 495 (1965)). We also explained that this legislative change was based "on the belief that if the defendant has been made aware of the occurrence or transaction which is the basis for the claim, he can prepare to meet the plaintiff's claim, whatever theory it may be based on." *Id.* at 279. The purpose of the relation back statute has not changed. Though the time limitation at issue in *Zeh* was a statute of limitations, the relation back statute does not distinguish between a statute of limitations and a statute of repose. It provides that an amendment "shall not be barred by lapse of time under *any statute* or contract prescribing or limiting the time within which an action may be brought or right asserted." (Emphasis added.) 735 ILCS 5/2-616(b) (West 2010). Thus, the appellate court's references to "notice" and "prejudice" were relevant and appropriate to the application of the relation back statute.

¶ 35    Further, allowing amendments to pending complaints, where the amendments were filed after the limitations period had expired, is not new to our jurisprudence. We have permitted such amendments as long as the two requirements in the relation back statute were satisfied. In *Bryson v. News America Publications, Inc.*, 174 Ill. 2d 77 (1996), the plaintiff sought to amend her defamation complaint to add a claim for invasion of privacy/false light. We allowed the amendment because the false light claim was based on the same news story as the plaintiff's timely filed defamation complaint, even though the false light claim was filed after the limitations period had expired. *Id.* at 106-09. In *Santiago v. E.W. Bliss Co.*, 2012 IL 111792, we permitted the plaintiff's amended complaint, which was filed after the limitations period had expired, to relate back to the filing of his original complaint because the original complaint was timely filed and the amended complaint was based on the same products liability allegations as in the original complaint. *Id.* ¶ 26. The amended complaint had used the plaintiff's birth name whereas the original complaint had used a name the plaintiff was known by at his employment. In *Chandler v. Illinois Central R.R. Co.*, 207 Ill. 2d 331 (2003), we determined that the plaintiff's amended complaint related back to the filing of the original complaint because it was based on similar allegations of the defendant's duty to use

appropriate care when operating its trains as had been alleged in the original complaint. *Id.* at 347.

¶ 36    The appellate court has similarly permitted such amendments. In *Sompolski v. Miller*, 239 Ill. App. 3d 1087 (1992), the decedent suffered injuries in an automobile accident and timely filed suit against the defendant. Several years later, the decedent died, and his daughter was substituted as the plaintiff. More than two years after the decedent's death, the plaintiff filed an amended complaint that included a wrongful death claim. The defendant sought to dismiss the wrongful death claim as time-barred, arguing that it had been "filed" more than two years after the decedent's death. The appellate court disagreed. *Id.* at 1091-92. The court reasoned that the wrongful death claim related back to the timely filed complaint because the amended complaint had alleged that the automobile accident caused the decedent's death, which was the same transaction or occurrence at issue in the original complaint. *Id.* In *Avakian v. Chulengarian*, 328 Ill. App. 3d 147 (2002), the plaintiff filed a timely medical malpractice action against the defendants alleging that he suffered injuries due to the treatment he received from defendants and, specifically, a prescription for medication he was given. The plaintiff filed an amended complaint more than four years after the treatment at issue, which added additional counts alleging alternative theories of vicarious liability. The defendants sought to dismiss the additional counts as time-barred by the statute of repose. The appellate court rejected the defendants' contention, finding that the additional counts related back to the timely filed complaint. *Id.* at 157-58. The court noted that the allegations that gave rise to the defendants' liability were the same in the amended complaint and that the only critical difference was the identity of the agent. *Id.* at 158.

¶ 37    We also note two decisions from other jurisdictions that have addressed this issue. In *Sisson v. Lhowe*, 954 N.E.2d 1115 (Mass. 2011), the Supreme Judicial Court of Massachusetts held that the plaintiffs could amend a timely filed medical malpractice complaint to include a wrongful death claim, even though the decedent died after the statute of repose had expired. *Id.* at 1122-23. Though the court did not discuss the state's relation back statute, the court reasoned that none of the purposes of the statute of repose would be served by dismissing the wrongful death claim and noted that both the personal injury action and wrongful death action were based on the same allegations of the defendants' malpractice. *Id.* In *Wesley Chapel Foot & Ankle Center, LLC v. Johnson*, 650 S.E.2d 387 (Ga. Ct. App. 2007), the Court of Appeals of Georgia held that the plaintiff could amend a timely filed medical malpractice complaint to add a wrongful death claim, although the amendment was filed after the statute of repose had expired. *Id.* at 391. The court briefly referenced the state's relation back statute and noted that the plaintiff's amendment, which included the wrongful death claim, arose out of the same alleged medical malpractice as the pending complaint. *Id.*

¶ 38    We find the reasoning of the above cases supports our conclusion that plaintiff's wrongful death claim is not barred by the statute of repose.

¶ 39    Next, defendants contend that even if the relation back statute applies to plaintiff's wrongful death claim, the resulting "conflict" between the statute of repose and the relation back statute must be resolved in favor of the statute of repose. They maintain that the statute of repose should control since it is the more specific statutory provision and the relation back statute is a procedural provision. Moreover, defendants argue that the only exception to the

statute of repose that the legislature expressly provided for was fraudulent concealment, which does not apply here.

¶ 40 We find that the statutes do not conflict with one another. When statutory language is clear and unambiguous, we must apply the statute as written, without resort to extrinsic aids of statutory construction. *Solon v. Midwest Medical Records Ass'n*, 236 Ill. 2d 433, 440-41 (2010). The statute of repose bars a cause of action if it is initially brought more than four years after the alleged medical negligence. The relation back statute governs amendments to complaints and functions without being subject to time limitations. Thus, when applying the relation back statute, the statute of repose will not bar an amendment as long as there is a pending timely filed original complaint and the same transaction or occurrence test is satisfied. The relation back statute is the more specific statutory provision to these circumstances. We disagree with defendants that this interpretation makes the statute of repose subject to an exception that it does not contain. Our interpretation does not create an exception, nor is it contrary to the legislative intent of the statute of repose. As noted above, the statute of repose was enacted to curtail the "long tail" of liability created by the increased use of the discovery rule beginning in the 1960s. *Anderson v. Wagner*, 79 Ill. 2d 295, 305-07 (1979); *Hayes*, 136 Ill. 2d at 458. It aims to prevent the assertion of stale claims and to protect defendants from uncertain and protracted liability. *Hayes*, 136 Ill. 2d at 469 (Ryan, J., specially concurring). However, when there is a pending complaint based on medical malpractice and a wrongful death claim is added to that complaint, these concerns are not implicated. A defendant would already be aware of a claim for medical malpractice, and the wrongful death claim would not be stale if it is based on the same transaction or occurrence as the original complaint.

¶ 41            CONCLUSION

¶ 42 We conclude that the relation back statute applies to plaintiff's wrongful death claim and the claim is not barred by the statute of repose. The judgment of the appellate court is affirmed.

¶ 43  Appellate court judgment affirmed.

¶ 44  Circuit court judgment reversed.