2022 IL App (1st) 220692

No. 1-22-0692

Opinion filed August 2, 2022

SECOND DIVISION

IN THE

APPELLATE COURT OF ILLINOIS

FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| LATONYA RUFFIN, | ) | |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | Appeal from the |
| v. | ) | Circuit Court of |
| | ) | Cook County |
| DAVID M. FELLER, Objector; LATAVIA WILSON, | ) | |
| Objector; THE COOK COUNTY OFFICERS | ) | No. 22-COEL-19 |
| ELECTORAL BOARD; KAREN YARBROUGH, | ) | |
| Chairman and in Her Official Capacity as Cook County | ) | The Honorable |
| Clerk; KIMBERLY FOXX, Member; and IRIS | ) | Maureen Ward-Kirby, |
| MARTINEZ, Member, | ) | Judge Presiding. |
| | ) | |
| Respondents | ) | |
| | ) | |
| (David M. Feller and Latavia Wilson, Respondents- | ) | |
| Appellants). | ) | |

PRESIDING JUSTICE FITZGERALD SMITH delivered the judgment of the court, with opinion.
Justices Howse and Lavin concurred in the judgment and opinion.

**OPINION**

¶ 1    This cause is before the court on appeal of an order of the circuit court of Cook County in favor of the petitioner-appellee, Latonya Ruffin, on her petition for judicial review of a decision of the Cook County Officers Electoral Board (or Electoral Board) under section 10-10.1 of the Election Code. 10 ILCS 5/10-10.1 (West 2020). The petitioner is a candidate for the office of

Sheriff of Cook County, to be voted on at the general primary election on June 28, 2022. The respondents-appellants are David M. Feller and Latavia Wilson, who have filed objections to the petitioner's candidacy. Given the timing of the election, this court entered an order accelerating this appeal and initially entered this opinion as a summary order on May 31, 2022.

¶ 2 The facts are largely undisputed. The objectors' petition alleged that the petitioner had used a false name and not that of a registered voter of Cook County and, as a result, the petitioner had falsely sworn in her statement of candidacy that she was a qualified voter when "Latonya Ruffin" is not a qualified voter. The evidence adduced at the hearing showed that Ruffin was the petitioner's maiden name and the name under which she was registered to vote prior to 2012. At that time, she changed her voter registration to her married name, "Latonya Stanford." The petitioner divorced in 2018, and the judgment for dissolution of marriage granted her leave to resume use of her maiden name of Ruffin. However, the petitioner never updated her voter registration to Latonya Ruffin as of March 13, 2022, when she filed her statement of candidacy affirming that she was a qualified voter as of that date. On March 26, 2022, the petitioner updated her voter registration to the name "Latonya Stanford-Ruffin."

¶ 3 On April 29, 2022, the Cook County Officers Electoral Board issued its decision sustaining the respondents' objections to the petitioner's candidacy. It found that, at the time of the signing of the statement of candidacy, there was no registered voter at the address given by the name of "Latonya Ruffin." It relied on the case of *McKennie v. Moseley-Braun*, Chi. Bd. of Election Comm'rs, No. 99-EB-ALD-163 (Jan. 19, 1999), https://app.chicagoelections.com/documents/ Electoral-Board/document_2372.PDF [https://perma.cc/V3TX-5FW3], as being "on point." In that case, a candidate had legally changed her name but remained registered to vote under her prior name at the time she signed her statement of candidacy and filed her nomination papers using her

new name; since the candidate was not registered to vote under the name that appeared on her statement of candidacy at the time she signed it under oath, the board of elections found her statement of candidacy and nomination papers to be invalid. *Id.*

¶ 4        The board in *McKennie* relied upon the requirement of section 6-54 of the Election Code that "[a]ny registered voter who changes his or her name by marriage or otherwise, shall be required to register anew and authorize the cancellation of the previous registration." See 10 ILCS 5/6-54 (West 1998). *McKennie* also cited *People ex rel. Rago v. Lipsky*, 327 Ill. App. 63, 70 (1945), in which this court characterized section 6-54 of the Election Code as a "clear and unambiguous" statute that "requires reregistration by any registered voter who changes his or her name for any reason or by any means." The board in *McKennie* found that the candidate had failed to register anew following her name change, and therefore she was not a registered and qualified voter at the time she signed her statement of candidacy and nominating petitions.

¶ 5        On May 16, 2022, the circuit court entered an order finding that the decision by the Cook County Officers Electoral Board invalidating the petitioner's candidacy was erroneous, and it reversed the Electoral Board's decision and ordered that the petitioner's name appear on the ballot for the June 28, 2022, general election as Latonya Ruffin. Although the circuit court's order indicates that it stated its reasoning in open court, no transcript is included in the record on appeal.

¶ 6        We reverse the decision of the circuit court and affirm the decision of the Cook County Officers Electoral Board sustaining the respondents' objections to the petitioner's candidacy. Section 5-23 of the Election Code (10 ILCS 5/5-23 (West 2020)), which applies to counties having a population of over 500,000, contains language very similar to section 6-54 of the Election Code (*id.* § 6-54), which applies to cities, villages, and towns. Section 5-23 states in pertinent part, "Any registered voter who changes his or her name by marriage or otherwise, shall be required to register

anew and authorize the cancellation of the previous registration." *Id.* § 5-23. Thus, following petitioner's name change after her divorce, she was required by law to "register anew" under her maiden name and to authorize the cancellation of her previous registration. *Id.* Petitioner did not do this, and accordingly, there was no qualified voter by the name of "Latonya Ruffin" at the stated address at the operative date when petitioner filed her statement of candidacy. Even after this time, petitioner did not seek to register to vote using a name that matched the name on her statement of candidacy, instead registering under the name "Latonya Stanford-Ruffin."

¶ 7    We reject the various arguments raised by the petitioner. First, we do not believe that the Electoral Board improperly relied upon sections 5-23 or 6-54 of the Election Code on the basis that these provisions were not timely raised in the objectors' petition. We find that the issues raised by the objectors' petitions were broad enough to encompass the Electoral Board's consideration of these statutes and legal argument concerning them.

¶ 8    Second, we reject the argument that section 7-10.2 of the Election Code (*id.* § 7-10.2) controls over the reregistration requirement of section 5-23. Section 7-10.2 requires that, in the designation of the name of a candidate on nomination petitions, the candidate's given name, initials, a nickname by which the candidate is commonly known, or a combination thereof "may be used in addition to the candidate's surname." *Id.* It also contains a requirement of additional language that must be used if a candidate has changed his or name within the prior three years, but it exempts from this requirement name changes resulting from dissolution of marriage. *Id.* This provision is inapplicable here because this case does not involve a name change within the last three years or the need to use additional language informing voters of this name change. Thus, we reject the argument that section 7-10.2 governs the outcome of this case.

¶ 9    Third, we recognize the petitioner's argument that *McKennie* can be distinguished on its facts.

However, we nevertheless find that the Electoral Board properly relied on its legal analysis and find all of the cases cited by the petitioner to be distinguishable. In two of those cases, nomination papers were found valid where candidates' voter registrations included surnames matching their nomination papers, even though their voter registrations also included middle names or additional surnames not used on their nomination papers. See *Jackson v. Lane*, Chi. Bd. of Election Comm'rs, No. 08-EB-WC-19 (Dec. 4, 2007), https://app.chicagoelections.com/documents/Electoral-Board/document_3123.pdf [https://perma.cc/4989-EG9T]; *Cole v. Andrews*, Chi. Bd. of Election Comm'rs, No. 99-EB-ALD-047 (Feb. 2, 1999), https://app.chicagoelections.com/documents/Electoral-Board/document_2256.PDF [https://perma.cc/66ZX-3WSD]. Here, by contrast, the surname Ruffin was not used in any part of the petitioner's voter registration when the statement of candidacy was filed. In *Sanders v. Boyce*, Chi. Bd. of Election Comm'rs, No. 11-EB-ALD-348 (Dec. 29, 2010), https://app.chicagoelections.com/documents/Electoral-Board/document_3588.PDF [https://perma.cc/YDL9-AD59], nomination papers identifying a candidate by her maiden name were found valid. However, unlike in this case, there was no proof that the candidate's name did not match the surname on her voter registration. The decision in *O'Keefe v. Zurowski*, Chi. Bd. of Election Comm'rs, No. 91-EB-ALD-54 (Jan. 8, 1991), https://app.chicagoelections.com/documents/Electoral-Board/document_1551.PDF [https://perma.cc/3RRV-LSQ5], contains no explanation for the statement allowing the candidate to use her maiden name in nominating papers, and thus it is unhelpful to the petitioner.

¶ 10    For all of these reasons, we conclude that the decision of the Cook County Officers Electoral Board finding the petitioner's statement of candidacy and nomination papers were invalid was not erroneous.

¶ 11    We hereby order that the name of Latonya Ruffin, as a candidate for nomination of the

Democratic Party to the office of Sheriff of Cook County to be voted upon at the general primary election of June 28, 2022, shall not be printed on the ballot for that election. Further, no votes cast on her behalf shall be counted. The clerk is to issue the mandate *instanter*.

¶ 12   Circuit court judgment reversed.

¶ 13   Board judgment affirmed.

2022 IL App (1st) 220692

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 22-COEL-19; the Hon. Maureen Ward-Kirby, Judge, presiding. |
| **Attorneys for Appellant:** | Burton S. Odelson, Ross D. Secler, and Jayman A. Avery III, of Odelson, Sterk, Murphey, Frazier & McGrath, Ltd., of Evergreen Park, for appellants. |
| **Attorneys for Appellee:** | Anish Parikh, of Parikh Law Group, LLC, of Chicago, for appellee. |