2024 IL App (1st) 240230-U

No. 1-24-0230

Order filed February 23, 2024

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| ASHONTA C. RICE, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | Appeal from the |
| v. | ) | Circuit Court of |
| | ) | Cook County. |
| COOK COUNTY OFFICERS ELECTORAL BOARD, | ) | |
| and its members; KAREN YARBROUGH, Cook County | ) | No. 24 COEL 7 |
| Clerk; KIMBERLY FOXX, Cook County State's | ) | |
| Attorney; IRIS MARTINEZ, Clerk of the Circuit Court of | ) | Honorable |
| Cook County; CHARLES A. MORRIS, SR.; ASHLEY D. | ) | Maureen Ward Kirby, |
| SMITH; and CHICAGO BOARD OF ELECTION | ) | Judge presiding. |
| COMMISSIONERS, | ) | |
| | ) | |
| Respondents-Appellees. | ) | |

JUSTICE NAVARRO delivered the judgment of the court.
Presiding Justice Mitchell concurred in the judgment.
Justice Lyle specially concurred.

**ORDER**

¶ 1    *Held:*  We affirm the judgment of the circuit court and the decision of the Cook County Officers Electoral Board.

¶ 2      The Candidate, Ashonta C. Rice, filed a petition in the circuit court seeking judicial review of a decision by the Cook County Officers Electoral Board (Electoral Board) which allowed a petition by the Objectors, Charles A. Morris, Sr. and Ashley D. Smith, to prevent the Candidate's name from appearing on the ballot for the March 19, 2024, general primary election as a candidate for the office of Judge of the Circuit Court, Cook County Judicial Circuit. The Objectors objected to the placement of the Candidate's name on the ballot on the basis that the Candidate did not comply with section 7-10.2 of the Election Code (10 ILCS 5/7-10.2 (West 2022)), by failing to include "formerly known as Akiwowo" on her nomination papers. The Electoral Board agreed with the objection, finding that the Candidate's nomination papers did not comply with section 7-10.2 since she had changed her surname from "Akiwowo" to "Rice" within three years before the last day for filing the petition for nomination for that office, and the name change was not resulting from a dissolution of marriage. The Candidate sought judicial review of the Electoral Board's decision in the circuit court of Cook County. The circuit court affirmed the Electoral Board's decision and ordered the Candidate's name to be removed from the ballot for the general primary election. For the following reasons, we affirm the judgment of the circuit court, and the decision of the Electoral Board.

¶ 3                                    I. BACKGROUND

¶ 4      The Candidate filed her nomination papers to be included on the ballot for the March 19, 2024, general primary election for the office of Judge of the Circuit Court, Cook County Judicial Circuit. The Candidate listed her name on her nomination papers as "Ashonta C. Rice." The Objectors filed an Objector's Petition to the Candidate's nomination papers on the basis that the Candidate did not comply with section 7-10.2 of the Election Code because she failed to indicate, by using the designation "formerly known as", that she had changed her name within the last three

2

years. The Objectors attached a variety of exhibits to the supporting memorandum outlining the Candidate's use of her married surname "Akiwowo" after her 2012 marriage. These documents included: (1) an Articles of Incorporation for filing with the Illinois Secretary of State forming Akiwowo Law Group, P.C., an Illinois professional corporation, on September 20, 2013; (2) annual reports for the Akiwowo Law Group for the years 2014-2022 showing "Ashonta C. Akiwowo" as President, Secretary, and Registered Agent; (3) registration documents for the Akiwowo Law Group with the Illinois Supreme Court for the years 2014-2022, listing "Ashonta C. Akiwowo" or "Ashonta Rice Akiwowo" as shareholder, director, and officer; (4) the Candidate's voter registration from 2017 that listed her surname as "Rice-Akiwowo"; (5) the Candidate's Illinois driver's license stating her name as "Ashonta C. Akiwowo"; (6) the Candidate's social security card stating her name as "Ashonta C. Akiwowo"; and (7) the Candidate's petition for dissolution of marriage identifying her as "Ashonta C. Akiwowo."

¶ 5    The Candidate filed a response, with exhibits outlining her use of "Ashonta C. Rice" professionally since 2005. The exhibits included: (1) her admission to the Illinois Board of Admissions to the Bar in January 2005 as "Ashonta Cherron Rice"; (2) her registration with the Illinois Attorney Registration & Disciplinary Commission (ARDC) since 2005 as "Ashonta Cherron Rice"; (3) her registration with the Illinois Supreme Court, Circuit Court of Cook County, Northern District of Illinois, and the Cook County Sheriff's Office as "Ashonta Cherron Rice" or "Ashonta C. Rice"; (4) the biography page on her law firm's website that listed her name as "Ashonta C. Rice"; (5) recognition as an attorney by the name of "Ashonta C. Rice" by *Forbes Advisor* in 2023; (6) judicial evaluations from the Alliance of Bar Associations in 2019 and 2023 with the name "Ashonta C. Rice"; (7) in 2023, "Ashonta C. Rice" received a rating of "recommended" from the Arab American Bar Association, the Black Women Lawyers'

3

Association of Greater Chicago, the Cook County Bar Association, the Hellenic Bar Association of Illinois, the Lesbian and Gay Bar Association of Chicago, the Puerto Rican Bar Association of Illinois, and the Women's Bar Association of Illinois; and (8) the Illinois State Bar Association found "Ashonta Rice" qualified to serve as Judge of the Circuit Court of Cook County in 2023.

¶ 6    An evidentiary hearing was held on December 18, 2023. The Objectors submitted more than 20 exhibits including corporate annual reports for the Candidate's law practice, and her voter registration from 2017 until November 29, 2023. Evidence was presented that in July 2017, the Candidate changed her voter registration name from "Ashonta Rice" to "Ashonta Rice-Akiwowo." The Candidate ran for office in 2018 as Ashonta C. Rice-Akiwowo.

¶ 7    The Candidate's action for dissolution of marriage was filed in April of 2022 and was still pending at the time of the hearing. An order was entered during the dissolution of marriage proceeding on June 15, 2023, which stated, upon agreement of the parties, "Ashonta C. Akiwowo" was "granted leave to resume the use of her maiden name of Rice." Thereafter, she changed her social security card to "Ashonta Cherron Rice" and her driver's license to "Ashonta C. Rice." She also changed her voter registration card from "Ashonta Rice-Akiwowo" to "Ashonta C. Rice."

¶ 8    The Hearing Officer assessed the credibility of the Candidate's testimony, affidavits, and documents submitted by both parties. The Hearing Officer found the evidence to be uncontroverted that the Candidate "took steps to change her name prior to running for this office, including obtaining a name change order, changing her voter registration, her driver's license, and social security card." The Hearing Officer found: "These acts amount to an admission that the [C]andidate did in fact believe that she needed to change these documents in order to change her name. To argue otherwise is wholly contrary to the Candidate's actions. The [C]andidate did in fact take the steps outlined above to change her name *back* to her maiden name." The Hearing

Officer found that the interim name change order did not comply with the exception contained in section 7-10.2 of the Election Code, and that the Candidate was required to provide the "formally known as" language on her nomination papers.

¶ 9     The Electoral Board adopted the findings and recommendations of the Hearing Officer and found that the Candidate's "name change took place within the 3[-]year period where she would be required to place the 'formally known as' name on her nomination petitions." The Electoral Board found that the exception for dissolution of marriages contained in section 7-10.2 "does not apply here as the interim 'Name Change' order was not part of the final judgment of dissolution of marriage. The caption of that June 15, 2023[,] order in fact acknowledges that it was a change *back* to the Candidate's former surname." The objections to the nomination papers of the Candidate were sustained.

¶ 10    The Candidate filed a petition in the circuit court for judicial review of the Electoral Board's decision. A hearing took place on January 29, 2024. The court affirmed the decision of the Electoral Board and found that the name "Ashonta C. Rice" should have contained the designation, "formerly known as Akiwowo," and therefore should not appear on the ballot for the primary election. The Candidate now appeals.

¶ 11                                  I. ANALYSIS

¶ 12                              A. Standard of Review

¶ 13    Courts of review view an electoral board as an administrative agency. *Cinkus v. Village of Stickney Municipal Officers Electoral Board*, 228 Ill. 2d 200, 209 (2008). On appeal, this court reviews the decision of the electoral board, not the decision of the circuit court. *Jackson-Hicks v. East St. Louis Board of Election Commissioners*, 2015 IL 118929, ¶ 19. Our standard of review depends on whether the dispute at issue involves questions of fact, law, or mixed questions of fact

and law. *Id*. ¶ 20. The Electoral Board's findings and conclusions on questions of fact are deemed *prima facie* true and correct, and will not be reversed unless they are against the manifest weight of the evidence. *Cinkus*, 228 Ill. 2d at 210. Where the historical facts are admitted or established, but there is a dispute as to whether the governing legal provisions were correctly interpreted by the Electoral Board, the case presents a purely legal question, which we review *de novo*. *Jackson v. Board of Election Commissioners of the City of Chicago*, 2012 IL 111928, ¶ 47. Finally, mixed questions of fact and law are "questions in which the historical facts are admitted or established, the rule of law is undisputed, and the issue is whether the facts satisfy the statutory standard." *American Federation of State, County, & Municipal Employees, Council 31 v. State Labor Relations Board*, 216 Ill. 2d 569, 577 (2005). Mixed questions of law and fact will only be reversed if the decision was clearly erroneous. *Cinkus*, 228 Ill. 2d at 211. A decision is clearly erroneous if the reviewing court is left with a definite and firm conviction that a mistake has been committed. *Id*.

¶ 14                              B. Section 7-10.2 of the Election Code

¶ 15        Section 7-10.2 of the Election Code (10 ILCS 5/7-10.2 (West 2022)) provides:

> "In the designation of the name of a candidate on a petition for nomination or certificate of nomination the candidate's given name or names, initial or initials, a nickname by which the candidate is commonly known, or a combination thereof, may be used in addition to the candidate's surname. If a candidate has changed his or her name, whether by a statutory or common law procedure in Illinois or any other jurisdiction, within 3 years before the last day for filing the petition or certificate for that office, whichever is applicable, then (i) the candidate's name on the petition or certificate must be followed by 'formerly known as (list all prior

names during the 3-year period) until name changed on (list date of each such name change)' and (ii) the petition or certificate must be accompanied by the candidate's affidavit stating the candidate's previous names during the period specified in (i) and the date or dates each of those names was changed; failure to meet these requirements shall be grounds for denying certification of the candidate's name for the ballot or removing the candidate's name from the ballot, as appropriate, but these requirements do not apply to name changes resulting from adoption to assume an adoptive parent's or parents' surname, marriage or civil union to assume a spouse's surname, or dissolution of marriage or civil union or declaration of invalidity of marriage or civil union to assume a former surname or a name change that conforms the candidate's name to his or her gender identity. No other designation such as a political slogan, as defined by Section 7-17, title or degree, or nickname suggesting or implying possession of a title, degree or professional status, or similar information may be used in connection with the candidate's surname."

¶ 16    This section first states that a candidate may use her "given name or names, initial or initials, a nickname by which the candidate is commonly known, or a combination thereof" in addition to "the candidate's surname." *Id.* The term "surname" is not defined by the Election Code. Accordingly, we must give the word its "ordinary and popularly understood meaning." *Carrol v. Paddock*, 199 Ill. 2d 16, 25 (2002). In doing so, our supreme court has consistently looked to Black's Law Dictionary. See *People v. Relwani*, 2019 IL 123385, ¶ 18. Black's Law Dictionary defines "surname" as, "[t]he family name automatically bestowed at birth, acquired by marriage, or adopted by choice." Black's Law Dictionary (11th ed. 2019).

7

¶ 17    There is no question here that "Rice" was the surname automatically bestowed on the Candidate at birth, and "Akiwowo" was the surname she acquired by marriage. The Objectors, however, were concerned with the second provision of the statute, namely, whether the Candidate changed her name, "by a statutory or common law procedure," from "Akiwowo" back to "Rice" within the last three years, triggering the requirement to include the "formerly known as" language on her nomination papers.

¶ 18    In order to find that the Candidate changed her surname, however, the Electoral Board necessarily had to first determine what her surname was prior to her alleged name change in 2023. Because the Electoral Board found that the Candidate was required to put, "formerly known as Akiwowo," on her nomination papers, it follows that the Electoral Board found that her last name was Akiwowo prior to 2023. As stated above, the Electoral Board's findings and conclusions on questions of fact are deemed *prima facie* true and correct, and will not be reversed unless they are against the manifest weight of the evidence. *Cinkus*, 228 Ill. 2d at 210. A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented. *Best v. Best*, 223 Ill. 2d 342, 350 (2006).

¶ 19    The evidence presented shows that the Candidate was born with the surname "Rice." She was admitted to the Illinois Board of Admissions to the Bar in 2005 as "Ashonta Cherron Rice," and has not changed her ARDC registration since that time. She is registered with the Illinois Supreme Court, Circuit Court of Cook County, Northern District of Illinois, and the Cook County Sheriff's Office as "Ashonta Cherron Rice" or "Ashonta C. Rice." The biography page on her law firm's website lists her name as "Ashonta C. Rice." She was recognized as an attorney by the name of "Ashonta C. Rice" by *Forbes Advisor* in 2023. "Ashonta C. Rice" sought judicial evaluations

from the Alliance of Bar Associations in 2019 and 2023. In 2023, "Ashonta C. Rice" received a rating of "recommended" from the Arab American Bar Association, the Black Women Lawyers' Association of Greater Chicago, the Cook County Bar Association, the Hellenic Bar Association of Illinois, the Lesbian and Gay Bar Association of Chicago, the Puerto Rican Bar Association of Illinois, and the Women's Bar Association of Illinois. The Illinois State Bar Association found "Ashonta Rice" qualified to serve as Judge of the Circuit Court of Cook County in 2023.

¶ 20    The Candidate got married in 2012. After that, the following documents reflected her married surname: the Articles of Incorporation for filing with the Illinois Secretary of State forming Akiwowo Law Group, P.C., an Illinois professional corporation; annual reports for the Akiwowo Law Group for the years 2014-2022 showing "Ashonta C. Akiwowo" as president, secretary, and registered agent; registration documents for the Akiwowo Law Group with the Illinois Supreme Court for the years 2014-2022, listing "Ashonta C. Akiwowo" or "Ashonta Rice Akiwowo" as shareholder, director, and officer; the Candidate's voter registration from 2017 that listed her surname as "Rice-Akiwowo"; the Candidate's Illinois driver's license stating her name as "Ashonta C. Akiwowo"; the Candidate's social security card stating her name as "Ashonta C. Akiwowo"; and the Candidate's petition for dissolution of marriage identifying her as "Ashonta C. Akiwowo." Further evidence showed that the Candidate ran for office under the name "Ashonta C. Rice-Akiwowo" in 2018.

¶ 21    After reviewing the entire record, we cannot say that the Electoral Board's finding that the Candidate's last name was "Akiwowo" prior to 2023, and not "Rice," was against the manifest weight of the evidence. While we may have reached a different conclusion, a reviewing court may not overturn a judgment merely because the reviewing court might disagree with the judgment, or,

had the reviewing court been the trier of fact, might have come to a different conclusion. *Eychaner v. Gross*, 202 Ill. 2d 228, 270-71 (2002).

¶ 22    The Candidate maintains, relying on *Oberholtzer v. Cook County Officers Electoral Board*, 2020 IL App (1st) 200218-U, that her professional surname has always been "Rice," not "Akiwowo," and therefore using the surname "Rice" on her nomination papers was valid. In *Oberholtzer*, the candidate's name on her nomination papers was listed as "Caroline Patricia Jamieson." The objector objected on the basis that the candidate failed to comply with section 7-10.2 of the Election Code by failing to use the designation "formerly known as" on her nomination papers. *Id*. ¶ 5. The objector argued that when the candidate got married, she assumed her married surname of "Golden," and "there was no evidence that the Candidate has used her maiden name as her surname, either personally or professionally, since her marriage." *Id*. ¶ 7.

¶ 23    The objector presented the following evidence of the candidate's use of her married surname of "Golden": she petitioned the Illinois Supreme Court to change her name on the master roll of attorneys from "Caroline Patricia Jamieson" to "Caroline P. Golden"[1]; she was admitted to the bar of United States District Court for the Northern District of Illinois as "Caroline P. Golden"; she was registered to vote as "Caroline Golden"[2]; she filed nomination papers in 2017 as "Caroline Jamieson Golden"; the Alliance of Bar Associations for Judicial Screening evaluated the candidate in March 2018 as "Caroline Jamieson Golden"; in August 2018, the candidate applied for the office

---

[1] The objector presumably could have objected on the basis that there was no one licensed to practice law in Illinois with the name listed on her nomination papers. See 10 ILCS 5/7-10 (West 2022) (each petition must include a statement of candidacy indicating the candidate is qualified for the office specified).

[2] The objector presumably could have objected on the basis that no one was registered to vote under the name on her nomination papers. See 10 ILCS 5/7-10 (West 2022) (each petition must include a statement of candidacy indicating the candidate is a qualified voter); 10 ILCS 5/6-54 (West 2022) ("[a]ny registered voter who changes his or her name by marriage or otherwise, shall be required to register anew and authorize cancellation of previous registration"); *Ruffin v. Feller*, 2022 IL App (1st) 220692 (use of birth surname invalid where candidate did not update her voter registration with her birth surname after her divorce).

of associate judge as "Caroline Patricia Golden"; and she had been practicing law in Illinois under the names "Carolien P. Golden" and "Caroline Jamieson Golden." *Id.* ¶ 27.

¶ 24　The Electoral Board overruled the objector's objection and ordered the candidate's name to be printed on the ballot for the general primary election. *Id.* ¶ 11. Upon judicial review, the circuit court found the candidate had been consistently using her name as "Golden" for close to the last 20 years, and there was no record of her changing her name to resume the use of her former name, "Caroline Jamieson." *Id.* ¶ 13. Because the candidate violated the Election Code, her nomination papers were invalidated, necessitating her removal from the ballot. *Id.* ¶ 28.

¶ 25　On appeal, this court noted that the candidate's use of her married surname "was consistent following her marriage as evidenced by the exhibits attached to the Objector's petition." *Id.* ¶ 27. Accordingly, the court found that the candidate was required to list her surname as "Golden," and her failure to do so violated the terms of section 7-10.2 of the Election Code. *Id.* ¶ 28. Her nomination papers were found to be invalid, "necessitating her removal from the ballot." *Id.*

¶ 26　We note that the *Oberholtzer* court did seem to suggest that had the candidate used her birth surname professionally, that candidate may have met the requirements of section 7-10.2 when it stated: "In order to find that the Candidate met all the requirements of section 7-10.2, this court would have to turn a blind eye to the fact that for over a decade the Candidate has practiced law under the name Golden." However, this sentence was merely *dictum*, and thus is not binding on this court. See *Lebron v. Gottlieb Memorial Hospital*, 237 Ill. 2d 217, 236 (2010) (*dictum* is a remark or opinion that a court uttered as an aside; it is not essential to the outcome of the case, is not an integral part of the opinion, and is generally not binding authority). We cannot say that if the candidate in *Oberholtzer* had practiced law under her birth surname of "Jamieson," that the outcome in that case would have been different.

¶ 27   Having found that the Electoral Board's factual finding that the Candidate's last name was "Akiwowo" prior to 2023 was not against the manifest weight of the evidence, the next question is whether it was clearly erroneous for the Electoral Board to find that the Candidate changed her name by statutory or common law procedure to "Rice" less than three years before submitting her petition for office. *Cinkus*, 228 Ill. 2d at 211.

¶ 28   The evidence of a name change that was presented before the Hearing Officer was that on June 15, 2023, an interim order was entered in her divorce proceedings entitled, "Agreed Name Change Order," which stated that upon agreement of the parties, "Ashonta Akiwowo" was granted leave to resume the use of her maiden surname of "Rice." The Candidate subsequently changed her surname to "Rice" on her social security card, her driver's license and her voter registration card. Looking at this evidence, we cannot say that we are left with a definite and firm conviction that a mistake was made when the Electoral Board found that the Candidate had changed her surname by statutory or common law procedure in the last three years. *Id.* Accordingly, the decision of the Electoral Board was not clearly erroneous, and we find that the Candidate was required to include "formerly known as Akiwowo," on her nomination papers. Because she did not, her name shall be stricken from the ballot. See 10 ILCS 5/7-10.2 (West 2022) (failure to meet these requirements shall be grounds for denying certification of the candidate's name on the ballot or removing the candidate's name from the ballot, as appropriate.)

¶ 29   The Candidate maintains that even if she took steps with some governmental agencies to change her name back to "Rice" from "Akiwowo," this type of change has historically been allowed by the Electoral Board, without the use of "formally known as." See *Harrison v. Orr*, 2017 COEB JUD 18 (Jan. 9, 2018) (proper for candidate Erika Orr to use birth surname on petition for office, and changing her voter registration from married surname to birth surname right before

election was not a name change by a "statutory or common law procedure," and thus candidate did not violate section 7-10.2 of Election Code); *Featherson v. Kowalski McDonald*, 17 COEB CC 03 (Feb. 20, 2018) (candidate who changed her voter registration card from Kowalski to Kowalski McDonald right before circulating her petitions for election did not violate section 7-10.2 even though Kowalski had divorced McDonald in 2010, resumed the name of Kowalski thereafter, and then changed her name back to Kowalski McDonald right before the election in 2016).

¶ 30    We also acknowledge the comments from Senator Harmon from the General Assembly floor when passing the 2007 amendment to section 7-10.2 (Pub. Act 94-1090, § 5 (eff. June 1, 2007)), which added the "name change" portion of this statute. Senator Harmon stated the amendment was intended to deal "with the mischief created by candidates for office who change their legal names to more ballot friendly sounding names in order to take an advantage." 94th Ill. Gen. Assem., Senate Proceedings, Nov. 29, 2006, at 16. Based on these comments, it does not seem that this amendment was meant to penalize a married woman who takes steps to change her married surname back to her birth surname with various governmental agencies, especially if she had continuously used that birth surname professionally. However, we nevertheless cannot read any conditions or exceptions into the statute that are not there. See *Lawler v. University of Chicago Medical Center*, 2017 IL 120745, ¶ 12 (when the language of a statute is clear and unambiguous, we must adhere to its plain language and meaning; we cannot read into it exceptions, limitations or conditions the legislature did not express). Until we hear otherwise from the legislature or our supreme court, a candidate's surname will continue to be a question of fact for the electoral board to decide.

¶ 31    As a final matter, the Candidate contends that if we were to find, as we have done here, that she changed her surname by statutory or common law procedure from "Akiwowo" to "Rice"

13

within the meaning of the statute within the last three years, she would nevertheless be exempt from using the "formerly known as designation" due to the exception listed in section 7-10.2 of the Election Code. The exception states that the "formerly known as" designation requirements do "not apply to name changes resulting from *** dissolution of marriage *** to assume a former surname." The Candidate contends that the name change order that was issued during her dissolution of marriage proceedings, that granted her "leave to resume the use of her maiden name of Rice," was a name change resulting from dissolution of marriage to assume a former surname. In the case at bar, the Candidate's dissolution of marriage had not yet been finalized at the time she filed her nomination papers, and therefore the exception does not apply. While the Candidate urges us to find that "dissolution of marriage" means any dissolution of marriage proceeding, and not a final judgment of dissolution of marriage, we reiterate that where the language of a statute is clear and unambiguous, we must adhere to its plain language and meaning, and cannot read into it exceptions, limitations, or conditions the legislature did not express. *Lawler*, 2017 IL 120745, ¶ 12.

¶ 32    While frustrating, we note that the Candidate was not without recourse, and could have requested a bifurcated judgment of dissolution of marriage on the name change issue when she realized her divorce proceedings would not be finalized before she had to file her nomination papers, thus bringing her within the exception of 7-10.2. See 750 ILCS 5/401(b) (West 2022); *In re Marriage of Tomlins and Glenn*, 2013 IL App (3d) 120099, ¶ 28 (bifurcation can exist if circumstances are of a caliber similar to a lack of jurisdiction over respondent, lack of an ability to pay support, or concerns for children).

¶ 33                                III. CONCLUSION

14

¶ 34     For the foregoing reasons, we affirm the judgment of the circuit court of Cook County and affirm the decision of the Electoral Board.

¶ 35     Affirmed.

¶ 36     JUSTICE LYLE, specially concurring:

¶ 37     Clearly, the acts of the Candidate are not those sought to be prohibited by the legislature as stated by Senator Harmon and quoted by the majority. *Supra* ¶ 30. It is also clear that this issue is one particular to female candidates seeking nomination to elected office. Male candidates who change their name within three years of circulating nomination petitions would more than likely fall within the intention of this legislation. Nevertheless, only female candidates find themselves in litigation about surnames. See *Ruffin v. Feller*, 2022 IL App (1st) 220692; see also *Oberholtzer v. Cook County Officers Electoral Board*, 2020 IL App (1st) 200218-U. In this instance, the Candidate took affirmative steps to resume the usage of her surname by obtaining a lawful court order that remains in effect to this day, having never been modified or challenged. The majority suggests that her failure to obtain a bifurcated judgment of dissolution was fatal to her attempt to do so. *Supra* ¶ 32. While I disagree, I do agree with the majority that the Electoral Board was not clearly erroneous in its ruling, which is the standard of review for this court.