2024 IL App (1st) 240231-U

FIFTH DIVISION
MARCH 8, 2024

No. 1-24-0231

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| VICTORIA KNIGHT | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | No. 24 COEL 3 |
| HILLARY MATTSEY KURZAWA, | ) | |
| STATE OFFICERS ELECTORAL BOARD, | ) | Honorable |
| | ) | Paul A. Karkula, |
| Defendants-Appellants. | ) | Judge Presiding. |
| | ) | |
| | ) | |

_____

JUSTICE LYLE delivered the judgment of the court.
Presiding Justice Mitchell and Justice Navarro concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The trial court's judgment striking the defendant from the ballot is reversed, and the Board's judgment is affirmed.

¶ 2    On December 11, 2023, the plaintiff-appellant, Victoria Knight, filed objections to the nomination papers of defendant-appellant, Hillary Mattsey Kurzawa. On January 11, 2024, the State Officers Electoral Board (Board) issued its decision, certifying Ms. Kurzawa for the ballot. On that same date, Ms. Knight sought judicial review of the Board's decision. On January 29,

2024, the circuit court entered an order, reversing the Board's decision and ruled that the name "Hillary Mattsey Kurzawa" would not appear on the ballot. On appeal, Ms. Kurzawa argues that the circuit court erred by reversing the Board's decision and striking her name from the ballot.

¶ 3                            BACKGROUND

¶ 4     On December 4, 2023, Ms. Kurzawa filed her nomination papers to run for the office of the State Senator in the Nineteenth Legislative District in the March 19, 2024, primary election. On December 11, 2023, Ms. Knight filed a verified objector's petition with the Board. In that petition, she alleged no one with the name "Hillary Mattsey Kurzawa" was registered to vote at the Frankfort, Illinois address on Ms. Kurzawa's nomination papers, which invalidated Ms. Kurzawa's statement of candidacy, the petition sheets, and the signatures on the petition sheets.

¶ 5     In response to Ms. Knight's objection, Ms. Kurzawa filed a motion to strike that objection. In Ms. Kurzawa's motion, she argued that the objection was made in bad faith as "Mattsey" is her maiden name and the nickname that she has been known by in the community since her youth. Moreover, she claimed that she was registered to vote at the Frankfort address under the name "Hillary E Kurzawa" and had run for Will County Board in 2022 under the name "Hillary Mattsey Kurzawa." Ms. Knight filed a response to the motion to strike, alleging, for the first time, that using name "Hillary Mattsey Kurzawa" on the ballot violated a different provision of the Election Code.

¶ 6     The hearing officer, who reviewed the arguments and evidence, recommended that the Board overrule Ms. Knight's objection. The hearing officer stated the substance of Ms. Knight's objection was that Ms. Kurzawa did not reside at the listed address but that was made in bad faith. The hearing officer found that the documentary evidence showed that Hillary Mattsey Kurzawa and Hilary E Kurzawa were the same person, and it was clear that she was a registered

voter at the listed Frankfort address. The hearing officer also noted Ms. Knight's subsequent argument, claiming that the use of the name "Hillary Mattsey Kurzawa" violated the Election Code, was untimely, since it was raised for the first time in her response to the motion to strike the objection. As a result, that argument was not considered. After reviewing the evidence and recommendation of the hearing officer, the Board overruled the objection and found that the name "Hillary Mattsey Kurzawa" was certified to appear on the ballot.

¶ 7     On January 11, 2024, Ms. Knight filed a petition for judicial review of the Board's decision in the circuit court of Cook County. In the petition, she alleged that she showed evidence that Ms. Kurzawa is not registered to vote with the same name as on her nomination papers. On January 29, 2024, the trial court entered an order granting Ms. Knight petition for judicial review and the court reversed the Board's decision. As a result, Ms. Kurzawa's name was struck from the March 19, 2024, primary ballot. She filed a motion to stay the trial court's decision in the trial court, which was denied.

¶ 8     On January 31, 2024, Ms. Kurzawa filed her notice of appeal. In the appellate court, she filed a motion to stay the enforcement of the trial court's decision removing her from the ballot. On February 7, 2024, this court granted the motion to stay the enforcement of the trial court's order, and Ms. Kurzawa was placed back on the ballot pending further order from this court.

¶ 9                                    ANALYSIS

¶ 10    We note that we have jurisdiction to consider this matter, as Ms. Kurzawa filed a timely notice of appeal following the trial court's judgment. See Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303 (eff. July 1, 2017).

¶ 11    On appeal, Ms. Kurzawa argues that the trial court erred by striking her name from the ballot and that the Board correctly found that her name should be on the ballot.

¶ 12 When a circuit court reviews an electoral board's decision pursuant to the Election Code, we review the board's decision, not the circuit court. *Cinkus v. Village of Stickney Municipal Officers Electoral Board*, 228 Ill. 2d 200, 212 (2008). Electoral Boards are viewed as administrative agencies by courts of review. *Cinkus*, 228 Ill. 2d at 209. There are three types of questions that a court of review may encounter when reviewing "an agency decision: questions of fact, questions of law, and mixed questions of fact and law." *Cinkus*, 228 Ill. 2d at 210. An administrative agency's findings and conclusions on questions of fact are reviewed to determine "whether such findings of fact are against the manifest weight of the evidence." *Cinkus*, 228 Ill. 2d at 210. "[A]n agency's interpretation of the meaning of the language of a statute constitutes a pure question of law" and is reviewed *de novo*. *Cinkus*, 228 Ill. 2d at 210. Mixed questions of law and fact are reviewed under the clearly erroneous standard and a decision is clearly erroneous unless a reviewing court is left with a definite and firm conviction that a mistake has been committed. *Cinkus*, 228 Ill. 2d at 211. "[J]udicial review of discrepancies is limited to, and must not exceed, a board's record." *Cinkus*, 228 Ill. 2d at 209.

¶ 13 Section 7-10 of the Election Code (10 ILCS 5/7-10 (West 2022)) (Code) requires a petition for nomination to contain a statement from the prospective candidate certifying that they live at the address printed on petition. Section 7-10.2 of the Code (10 ILCS 5/7-10.2 (West 2022)) states "[i]n the designation of the name of a candidate on a petition for nomination or certificate of nomination the candidate's given name or names, initial or initials, a nickname by which the candidate is commonly known, or a combination thereof, may be used in addition to the candidate's surname." Section 8-8 of the Code states:

"The name of no candidate for nomination shall be printed upon the primary ballot unless a petition for nomination shall have been filed in his behalf as provided for in this

Section. Each such petition shall include as a part thereof the oath required by Section 7-10.1 of this Code and a statement of candidacy by the candidate filing or in whose behalf the petition is filed. This statement shall set out the address of such candidate and the office for which he is a candidate; shall state that the candidate is a qualified primary voter of the party to which the petition relates, is qualified for the office specified."

¶ 14  The argument raised before the Board was whether Ms. Kurzawa lived at the registered address on the nomination petition, not whether her use of name complied with certain provisions of the Code. The Board made factual findings that Ms. Kurzawa was previously registered to vote as Hillary Mattsey and changed her name on her registration to Hillary E. Kurzawa after she married. The voter registration address was the Frankfort address listed on the nomination petition. Moreover, the Board found that subsequent arguments alleging improper name usage, made for the first time in response to the motion to strike the objection, were untimely. In conclusion, the Board found that "Hillary Mattsey Kurzawa" and "Hillary E. Kurzawa" were the same person, residing at the Frankfort address.

¶ 15  Reviewing the findings of the Board, we do not find that its conclusions were against the manifest weight of the evidence nor clearly erroneous. From its review of the voter registration, it was clear that the individual on the nomination petition was registered to vote at the listed address. Though the name on her nomination petition differed from her voter registration, no evidence presented by Ms. Knight disputed that claim. Ms. Knight even concedes that they are the same person in her briefing before this court though she attempts to argue that is not the issue. However, that was precisely the grounds on which she brought this claim in front of the Board.

¶ 16  Ms. Knight cites *Ruffin v. Feller*, 2022 IL App (1st) 220692 and *Oberholtzer v. Cook County*

*Officers Electoral Board*, 2020 IL App (1st) 200218-U, but we find those cases inapposite. In both of those cases, the objections were based on the candidate's change of name, not whether their address was correct. The Board correctly decided that the name change issue was not properly brought before it. However, even if we were to review those cases and determine this case on the grounds of a name change, Ms. Knight's arguments still fail.

¶ 17    In this case, Ms. Kurzawa's use of name complied with section 7-10.2 of the Code. Section 7-10.2 of the Code provides a candidate with the ability to use their given name, a nickname, or some combination of those *if the candidate uses their surname*. 10 ILCS 5/7-10.2 (West 2022). Ms. Kurzawa used her given or first name and her maiden name in conjunction with her surname, which complies with that provision of the Code. See 10 ILCS 5/7-10.2 (West 2022).

¶ 18    Accordingly, we conclude that the decision of the Board was not clearly erroneous by finding that Ms. Kurzawa's nomination papers were not invalid and we reverse the circuit court's decision. We order that the name of "Hillary Mattsey Kurzawa," as a candidate for nomination of the Republican Party to the office of State Senator in the Nineteenth Legislative District to be voted upon at the general primary election on March 19, 2024, shall be printed on the ballot for that election.

¶ 19                                    CONCLUSION

¶ 20    For the foregoing reasons, we affirm the finding of the Board and reverse the judgment of the circuit court of Cook County.

¶ 21    Circuit court judgment reversed.

¶ 22    Board judgment affirmed.