2026 IL App (1st) 251564-U

FIRST DIVISION
June 22, 2026

No. 1-25-1564

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| EDGAR D. PAL, | ) | Appeal from the Circuit Court of |
| | ) | Cook County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 25 CH 00812 |
| | ) | |
| OFFICE OF THE PUBLIC ACCESS | ) | |
| COUNSELOR, | ) | |
| | ) | Honorable Lynn Weaver Boyle, |
| Defendant-Appellee. | ) | Judge Presiding. |

_____

JUSTICE HOWSE delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Cobbs concurred in the judgment.

ORDER

¶ 1    *Held*: We affirm the circuit court's denial of plaintiff's petition for costs. The governing statute does not authorize a right of action against defendant, the Office of the Public Access Counselor. As a result, plaintiff is not entitled to recover litigation costs.

¶ 2    Plaintiff Edgar D. Pal submitted two requests to defendant, the Office of the Public Access Counselor (PAC). He asked the PAC to determine whether the Chicago Park District's Board of Commissioners violated the Open Meetings Act (5 ILCS 120/1 *et seq.* (West 2024)). Although the Act generally requires the PAC to resolve such requests within 60 days, the PAC did not issue its decisions for more than two years after the requests were fully briefed.

¶ 3    Plaintiff then filed a complaint in the Circuit Court of Cook County alleging that the PAC violated the Open Meetings Act by failing to act within the statutory timeframe.

¶ 4    One week after being served and entering an appearance, the PAC issued determinations resolving plaintiff's requests; it found the Park District Board violated the Open Meetings Act. Plaintiff acknowledged that this rendered his substantive claims moot. Despite mootness, plaintiff filed a petition seeking litigation costs. The trial court denied the request, and plaintiff appeals that denial. For the following reasons, we affirm.

¶ 5                                    BACKGROUND

¶ 6    In early 2022, plaintiff believed that the Chicago Park District's Board of Commissioners violated the Open Meetings Act (5 ILCS 120/1 *et seq*. (West 2024)) in connection with a meeting the Board of Commissioners held on November 10, 2021. When a person believes that a public body has violated the Open Meetings Act, that person has two options to address the violation. The first option is to file a civil action in the circuit court against the public body. 5 ILCS 120/3 (West 2024). Under the Act, the circuit court is entitled to take evidence to determine if a violation of the Act has occurred and grant appropriate relief. *Id*. at §§ (b-c). The prevailing party in a civil suit brought under this section of the Act may, in the circuit court's discretion, recover reasonable attorney's fees and other litigation costs reasonably incurred. *Id*. at § (d).

¶ 7    The second option the person who is claiming a violation of the Open Meetings Act has is to seek redress by filing a request for review with the PAC, a position that has been established by statute. 5 ILCS 120/3.5 (West 2024). Upon receiving a request for review of an Open Meetings Act violation, the PAC reviews the complaint, gathers evidence, and issues findings of

fact and conclusions of law. The statute directs the PAC to issue a decision within 60 days (subject to limited exceptions).

¶ 8    After a perceived violation of the Act by the Park District Board, plaintiff submitted a request for review with the PAC on February 27, 2022. Plaintiff asked the PAC to determine whether the Chicago Park District's Board of Commissioners violated the Open Meetings Act during the closed session portion of its November 10, 2021 meeting.

¶ 9    On May 25, 2022, plaintiff submitted a second request for review to the PAC. In his second request, plaintiff asserted that the Park District Board of Commissioners violated the Open Meetings Act at its April 20, 2022 meeting. At that April meeting, the Board approved the minutes from the closed portion of the November meeting which plaintiff was already challenging.

¶ 10    Both of plaintiff's requests for review were fully briefed, with the PAC receiving evidence and arguments from the parties. Even though the requests were fully briefed and ready for a decision by August 2022, the PAC did not resolve the requests for a period of more than two years. Plaintiff followed up by email four separate times with different parties during the period of the case's seeming inactivity seeking the status of his requests for review.

¶ 11    On January 24, 2025, having still not received a determination from the PAC, plaintiff filed this case in the circuit court. In his complaint, plaintiff asserted that the PAC violated the Open Meetings Act by failing to make any determination on his requests within the statutorily mandated timeframe. Plaintiff also sought mandamus relief.

¶ 12    One week after it filed an appearance in this case, the PAC issued a determination on plaintiff's requests. The PAC confirmed that the Park District's Board of Commissioners violated the Open Meetings Act as plaintiff had alleged. The PAC ordered the Board of

Commissioners to release a recording of the closed portion of the November 10, 2021 meeting and amend its minutes to more accurately reflect the discussion held by the Board at that meeting.

¶ 13     Following the PAC's decision, plaintiff acknowledged that his claim seeking mandamus was moot, and he filed a motion to voluntarily dismiss that claim. Plaintiff sought $460.09 in costs under section 3(d) of the Act (5 ILCS 120/3(d) (West 2024)) from the PAC on his claim that the PAC violated the Open Meetings Act by failing to resolve his requests within the statutorily required timeframe. The PAC opposed plaintiff's request for costs. The trial court denied plaintiff's petition for costs and dismissed plaintiff's remaining claims as moot. Plaintiff filed this appeal.

¶ 14                                            ANALYSIS

¶ 15     On appeal, plaintiff argues that the trial court erred when it denied his petition for costs. Plaintiff contends that the PAC violated the Open Meetings Act (5 ILCS 120/1 *et seq*. (West 2024)) by not acting on his requests for more than two years, despite the Act dictating that the PAC is to make a determination within 60 days.

¶ 16     The issue in this appeal is whether the plaintiff can recover litigation costs from the PAC under section 3(d) of the Open Meetings Act. This appeal requires us to interpret sections of the statute. The fundamental objective of statutory construction is to ascertain and give effect to the intent of the legislature. *Pasic v. Department of Financial & Professional Regulation*, 2022 IL App (1st) 220076, ¶ 33. The language used by the legislature is the best indicator of what the legislature intended. *Whitaker v. Wedbush Securities, Inc.*, 2020 IL 124792, ¶ 16. If a statute is unambiguous, we look only to the plain language of the statute. *Lawler v. University of Chicago*

*Medical Center*, 2017 IL 120745, ¶ 12. We review the trial court's interpretation of a statute *de novo*. *Cigna v. Illinois Human Rights Commission*, 2020 IL App (1st) 190620, ¶ 23.

¶ 17   The General Assembly passed the Open Meetings Act "to ensure that the actions of public bodies be taken openly and that their deliberations be conducted openly." 5 ILCS 120/1 (West 2024). In furtherance of this policy, the Act requires that "citizens shall be given advance notice of and the right to attend all meetings at which any business of a public body is discussed or acted upon in any way." *Id*. Exceptions to the public's right to attend meetings of public bodies exist only in very limited circumstances. *Id*.

¶ 18   As mentioned above, when a person believes that a public body has violated the Open Meetings Act, that person can seek to address the violation in one of two ways. The first way the person claiming the violation can seek redress is by filing an action in the circuit court. 5 ILCS 120/3 (West 2024). The second way the person can seek redress is by filing a request for review with the PAC. 5 ILCS 120/3.5 (West 2024). Plaintiff chose the second path in this case—he filed a request for review with the PAC.

¶ 19   Plaintiff filed this case against the PAC alleging that the PAC violated the Open Meetings Act "by failing to resolve [plaintiff's] Requests for Review *** within the time limits required by [the Act]." Plaintiff's claim against the PAC is not cognizable under the Act. Although plaintiff's filing of the complaint in this case achieved his objective of getting the PAC to act on his requests for review, the statute does not provide for a right of action against the PAC in the manner plaintiff suggests.

¶ 20   The statutory section at issue provides that "[a] person who believes that a violation of this Act by a public body has occurred may file a request for review with the PAC." 5 ILCS 120/3.5 (West 2024). Plaintiff rightfully sought review under section 3.5 of the Act and his claim

remained open at the time he filed his action in the circuit court. However, when the PAC failed to act on his requests, plaintiff filed this action under section 3 of the Act. Section 3 of the Act, however, is not designed to be an enforcement mechanism to be used against the PAC. Section 3 of the Act authorizes lawsuits against public bodies, not the PAC. The PAC serves as a facilitator and a reviewer of the dispute. It is not a proper defendant under section 3.

¶ 21    Plaintiff contends that he is able to prevail on a claim under section 3 of the Act for the PAC's violation of section 3.5 of the Act. Section 3 of the Open Meetings Act provides that "[w]here the provisions of this Act are not complied with *** any person *** may bring a civil action in the circuit court." 5 ILCS 120/3(a) (West 2024). The Act provides that the prevailing party in a civil suit brought under this section may, in the circuit court's discretion, recover reasonable attorney's fees and other litigation costs reasonably incurred. *Id*. at § (d). Plaintiff contends that the statute is clear and unambiguous: a civil action may be brought against a party who does not comply with the provisions of the Act. He suggests that the PAC's violation of the time limitations in section 3.5 of the Act can be the basis for a claim against the PAC under section 3.

¶ 22    The specifically applicable subsection for this case provides additional clarity. Subsection (d) states that, in a civil action, "[t]he court may assess *against any party*, except a State's Attorney, reasonable attorney's fees and other litigation costs reasonably incurred by any other party who substantially prevails in any action brought in accordance with this Section ***." 5 ILCS 120/3(d) (West 2024) (emphasis added). The PAC is not "a party" when a citizen files a request for review under section 3.5 of the Open Meetings Act. Rather, the PAC is empowered to "resolve disputes involving a potential violation of the Open Meetings Act *** in response to a

request for review initiated by an aggrieved party *** by mediating or otherwise informally resolving the dispute or by issuing a binding opinion." 15 ILCS 205/7 (c)(3) (West 2024).

¶ 23     The term "party" is not defined in the Open Meetings Act so it must be given its plain and ordinary meaning. *Doe v. Northwestern Memorial Hospital*, 2014 IL App (1st) 140212, ¶ 52. "In connection with judicial proceedings[,] the term 'parties' is a technical word which has a precise meaning in legal parlance. It designates the opposing litigants in a judicial proceeding— the persons seeking to establish a right and those upon whom it is sought to impose a corresponding duty or liability * * *." *Id*. (quoting *Evans v. Stoval,* 83 Ill. App. 3d 257, 259–60 (1980) (quoting 59 Am.Jur.2d *Parties* § 7 (1971)). When plaintiff filed his requests for review, the parties were himself and the Park District's Board of Commissioners. The PAC is only a "party" here because plaintiff sued and named the PAC as a defendant, but the statute does not permit this type of claim against the entity charged with resolving disputes between the actual parties. Had plaintiff filed this case against the Park District's Board of Commissioners for their violations of the Open Meetings Act, he may well have been entitled to recoup his costs.

¶ 24     There is no indication anywhere in the statute that the General Assembly contemplated making the PAC liable for failing to adhere to the statutory time requirements.

¶ 25     Words and phrases in a statute should not be considered in isolation; rather, they must be interpreted in light of other relevant provisions and the statute as a whole. *County of Du Page v. Illinois Labor Relations Board*, 231 Ill. 2d 593, 604 (2008). In addition to the statutory language, the court may consider the purpose behind the law and the evils sought to be remedied, as well as the consequences that would result from construing the law one way or the other. *Id*. Taking these principles into account, it is clear that the General Assembly intended section 3 to provide a means for addressing a public body's failure to comply with the provisions of the Act designed

to ensure "that the actions of public bodies be taken openly and that their deliberations be conducted openly," and not to create a private right of action against the PAC.

¶ 26   Plaintiff suggests that the interpretation adopted by the circuit court leaves parties like him without any remedy when the PAC fails to timely act as it did here. However, plaintiff's remedy in such a situation is to seek a writ of *mandamus* or other equitable relief to compel the PAC to perform its duty under the statute. An aggrieved person under the Open Meetings Act is not limited to pursuing its claim before the PAC as the person may instead choose to file a civil action. Open Meetings Act violations often require prompt action which in turn requires the PAC to fulfill its duties in a timely manner. The Office of the Public Access Counselor was itself established to address difficulties the public was having with addressing Open Meetings Act violations. Should the General Assembly see fit, it could provide for some sort of civil recourse against the PAC for a failure to timely act under section 3.5 of the Act, but no such recourse currently exists under the statute. It is a legislative matter rather than a judicial one. As it stands, section 3 of the Open Meetings Act is not designed to be an enforcement mechanism employed against the PAC. As such, the circuit court did not err when it denied plaintiff's petition for costs.

¶ 27                              CONCLUSION

¶ 28   For the foregoing reasons, we affirm.

¶ 29   Affirmed.[1]

---

[1] On May 6, 2026, defendant filed a motion asking us to not set oral argument for this appeal on certain dates due to anticipated scheduling conflicts. That motion was taken with the case. However, as we have determined that oral argument will not be necessary for this appeal, defendant's motion is moot.